NICHOLAS WELSCH *et al.*

*v.*

ANTON WERSCHEM.

1. FRAUD—*indemnifying surety—preferred creditors.*   Although a person be indebted to various creditors, he may give preference to a surety upon his obligation by executing to him a mortgage upon property which will be amply sufficient to indemnify the surety against loss.   But an essential element in such a transaction is good faith on the part of the person receiving the indemnity, as the law will not permit him, under the guise of protecting himself, to wilfully throw impediments in the way of other creditors when not necessary to his own safety.

2. EVIDENCE—*to show value of indemnity to a surety, as against other creditors of the principal.*   Upon the trial of the right of property between a surety to whom his principal had executed a mortgage upon real and personal property for his indemnity, and a creditor of the principal who had levied an execution upon the personal property embraced in the mortgage, the material question involved is, the good faith of such surety in receiving the indemnity, and for the elucidation of that question it is competent for the surety to prove the

amount of prior incumbrances upon the real estate embraced in his mortgage, and this notwithstanding the real estate is not immediately involved in the proceeding, as it is the actual value of the indemnity, as a whole, which is to be considered, as compared with the extent of the liability of the surety.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding.

This was a trial of the right of property between Nicholas Welsch and Joseph Welsch, as mortgagees of Maria A. Wiesenborn, and an execution creditor of the mortgagor, resulting in a verdict and judgment in favor of such execution creditor. The mortgagees appealed.

Mr. WILLIAM WINKELMAN, for the appellants.

Messrs. RICKERT & MICHAN, for the appellee.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This is an appeal from the judgment of the circuit court of Monroe county, rendered at its March term, 1877, in a trial of the right of property between appellants and appellee.

The facts material to an understanding of the questions raised by the record in this case are substantially as follows:

On the 11th day of August, 1875, Mary Ann Wiesenborn was appointed by the county court of Monroe county guardian of the person and estate of Francisca A. and Frederick Wiesenborn, her minor children, and on the same day entered into bond, as such guardian, in the sum of $14,000, with appellants (who are her brothers) as her only sureties. The bond was approved by the court, and Mrs. Wiesenborn thereupon assumed the office and trust of guardian.

On the 14th of January, 1876, Mrs. Wiesenborn, through the advice of Mr. Hinckler, who was the family attorney of Nicholas Welsch, without the knowledge of appellants, executed to them a mortgage conveying all her real and personal estate, except her household and kitchen furniture, to indemnify them as her sureties on her bond as guardian.

The property covered by this mortgage was, at the time of its execution, worth considerably more than the amount of appellants' liability on the guardian's bond, though at the time there were a number of other incumbrances on it amounting to several thousand dollars.

At the time of the execution of this mortgage to her brothers Mrs. Wiesenborn was financially involved to a large extent, and was then being pressed by her creditors. The personal estate of her wards that went into her hands upon her appointment as guardian amounted to near seven thousand dollars, and it appears from her own testimony that she had used this money in her business as a merchant, which she was then carrying on in Waterloo.

When appellants were informed by Mrs. Wiesenborn, and Mr. Hinckler, their attorney, what had been done by way of indemnifying them as her sureties on the guardian bond, and the reasons that induced Mrs. Wiesenborn to make the mortgage, they approved and ratified what had been done, and a few days thereafter, to-wit, on the 11th of February, 1876, took formal possession of the store house and the stock of merchandize then on hand, which was worth, as subsequently shown by the sheriff's sale, two thousand three hundred dollars, or thereabouts.

Appellants, upon taking charge of the store, employed a clerk, and were proceeding to close out the stock, when, on the 9th of March following, the sheriff of Monroe county, by virtue of several executions against Mrs. Wiesenborn that came to his hands on that day, took possession of the store house and levied the same upon the stock of goods therein.

Appellants thereupon gave notice to the sheriff to try the right of property, and the case was finally tried in the circuit court, resulting as already stated.

That Mrs. Wiesenborn had the right to indemnify appellants against loss as sureties on her bond, by executing to them a mortgage on her estate to an amount amply sufficient to save them harmless, there can be no question. The only limita-

tion upon such a right is, that a transaction of the kind—at least so far as the preferred creditor is concerned—must be entered into in good faith. And while the law will permit him to do whatever may be reasonably necessary for his own safety, yet it will not permit him, under the guise of protect- ing himself, to wilfully throw impediments in the way of other creditors whose claims are equally meritorious with his own, when not necessary for his own safety. In short, the law re- quires of him the same good faith and fair dealing that it does in all other business affairs of life.

It follows from this that the vital inquiry upon the trial in the court below was, the good faith of the transaction. And the record before us shows that both court and counsel re- garded that as the real question in the case.

It was highly important, therefore, that every fact or thing connected with the giving of the mortgage from which any reasonable inference might be drawn, either for or against the good faith of the parties, should have gone to the jury.

As suggested by appellants' counsel, every lawyer who has had any considerable experience at the bar knows that in cases of this character, where the value of property mortgaged is largely in excess of the debt secured, juries are almost cer- tain to draw an inference unfavorable to the good faith of the parties, and often that inference is the controlling one in the case.

Now, in this view of the matter, we are of the opinion that appellants ought to have been permitted to show the extent of the prior incumbrances on the property included in the mortgage to appellants. We infer, from an expression in the record, that the learned judge who tried the case excluded the mortgages showing the prior incumbrances, on the ground that they only affected the real estate, which was not in con- troversy in that suit. But we are of opinion that that did not afford a sufficient reason for excluding them.

While the ultimate question to be determined by the jury was, whether appellants' right to the goods in controversy

was superior to that of the execution creditors, still the jury's determination of that question would necessarily depend largely, if not altogether, upon their conclusion as to the good faith of appellants in taking the mortgage. So, the immediate inquiry was, the good faith of the transaction, and to determine that, the jury could only look at it as a whole. It was proper, therefore, for the jury to know the exact extent of the · liability incurred by appellants in becoming sureties of Mrs. Wiesenborn, and also the net value of the property mortgaged, and that could only be done by showing the value of the property and the extent of the incumbrances on it. In this estimate the whole of the property, both real and personal, would have to be taken into consideration.

Inasmuch as the case will have to be reversed and remanded for the error mentioned, it is unnecessary to consider other questions which counsel have discussed in their briefs.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*