JOHN BITTER

*v.*

THOMAS W. SAATHOFF.

*Filed at Springfield March 21, 1881.*

1. DEGREE OF EVIDENCE *required in civil actions.* In an action of ejectment to recover a narrow strip of land separated from the plaintiff's land by a division fence, made under a verbal agreement between the plaintiff's grantor and the defendant, where the defence turned mainly upon whether the agreement in question in respect to the division line between the several premises as a boundary line, had been sufficiently established, it was held error to instruct the jury for the plaintiff that the defendant must establish his claim to the land, so far as it was based upon such agreement, *by a clear* preponderance of the evidence.

2. Whether an agreement has been made and acted upon by two owners of adjoining lands, that a division fence should be the dividing line between their respective premises, is a question of fact for the jury, to be

decided by the preponderance of the evidence, the same as in any other disputed question of fact.

APPEAL from the Circuit Court of Montgomery county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Mr. ROBERT MCWILLIAMS, and Mr. GEORGE W. PAISLEY, for the appellant:

Edward Scott, being the owner of two eighty acre tracts of land, sold and conveyed the east forty acres of each tract to appellee, Saathoff, in May, 1875. When Scott sold the west forties to Bitter, the appellant, there was and now is a fence on what they both recognized and treated as a boundary line between them. The location of this line is the question involved in this suit.

John Bitter, Jr., testified that Scott kept up the north half of the fence, and appellant the south half. The acts and declarations of Scott all go to show that he did make an agreement with the appellant that the fence should be the line between them. Such an agreement when made will be sustained. *Cutler* v. *Callison*, 72 Ill. 113; *Yates* v. *Shaw*, 24 id. 368; *Hubbard* v. *Stearns*, 86 id. 38; *Crowell* v. *Maughs*, 2 Gilm. 423.

In instructions 1, 2 and 5, for the appellee, and in instructing the jury that the defendant must establish his case by "a clear preponderance" of proof, there was error. *Crabtree* v. *Reed*, 50 Ill. 206; *McDeed* v. *McDeed*, 67 id. 550; *Peake* v. *People*, 76 id. 289.

Mr. BEN. E. JOHNSON, for the appellee:

The plaintiff below claimed to recover the strip of land as belonging to his two forty acre tracts, as shown by the boundary line established by the survey of Mr. Fish.

The burden of proof was on the defendant to show whether there was a parol agreement that the fence should be the boundary line between the lands bought by defendant and those owned by Scott, and whether defendant took

possession of the land to the fence by virtue of that agreement, and the question now arises, were the instructions requiring the defendant to show by a *clear preponderance* of evidence, error to his prejudice. Under the evidence we think not. *Yates* v. *Shaw*, 24 Ill. 368; *Enos* v. *Hunter*, 4 Gilm. 211.

For other cases where this court has held it necessary to establish a right, etc., by clear and entirely satisfactory proof, see *Myers* v. *Park*, 95 Ill. 408; *Palmer* v. *Converse*, 60 id. 313; *Peck* v. *Aubart*, 95 id. 113; *McNamara* v. *Seaton*, 82 id. 498.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

This was an action of ejectment, by appellee, to recover from appellant a small parcel of land, alleged to be about eleven acres, on the west side and constituting a part of the south-east quarter of the south-west quarter of section 6, and the north-east quarter of the north-west quarter of sec. 7, town 8, north range 5 west, being a narrow strip of the full length of the two forties, and of sufficient width to make the quantity of land above mentioned, but separated from the main portion of these forties by a division fence which had previously been supposed to be upon the line dividing them and the two forties owned by appellant lying immediately west of them. The controversy in this case, as will readily be perceived, grows out of a difference of opinion between the parties as to the true location of the line dividing their respective premises.

The plaintiff recovered in the court below, and the defendant brings the record to this court for review.

On the trial in the court below, evidence was introduced tending to show that prior to appellee acquiring any interest in the east forties, and while one Scott, through whom both parties claim, owned them, there was a verbal agreement between Scott and appellant, who then owned the west forties, that the fence in question should be the dividing line between

their premises, and that in pursuance of this agreement the fence was subsequently kept up at their mutual expense, Scott keeping up the north half and appellant the south half. Whether such an agreement was made and acted upon by the parties, as is claimed by appellants, was a question of fact to be determined by the jury according to the weight or preponderance of the evidence. The proof of this fact did not require any greater amount or a higher order of evidence than is usually required to establish any other ordinary fact in a civil proceeding. It was, therefore, error in the court to instruct the jury that the defendant "must establish his claim to the land so far as it was based upon such an agreement, *by a clear* preponderance of the evidence." *Crabtree* v. *Reed,* 50 Ill. 206; *McDeed* v. *McDeed,* 67 id. 550; *Peak* v. *The People,* 76 id. 289.

So far as the defence was concerned it turned mainly upon whether the agreement in question had been sufficiently established, and it was therefore highly important to the defendant to have the law accurately stated with respect to the measure of proof upon that question. This not having been done, the judgment of the circuit court must be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*