## Julius Bauchwitz

### v.

## Catharine F. Tyman.

1. Instructions—Must be correct.—Where the evidence is conflicting upon material points, the instructions must be accurate.

2. Instruction as to degree of proof.—In civil cases a preponderance of proof is all that is required; hence, an instruction that the defendant must "satisfactorily" prove payment imposes a higher degree of proof than is required, and is erroneous.

3. Receipt—Prima facie evidence.—A receipt is *prima facie* evidence of what it contains, and casts the burden of disproving it upon him who attacks it.

Appeal from the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding. Opinion filed May 31, 1882.

This was a suit for rent before a justice of the peace brought by appellee against appellant. There was a judgment for the defendant before the justice of the peace, and for the plaintiff in the county court, on appeal, for $60. The case is brought here by defendant, who assigns various errors.

Messrs. Moses & Newman, for appellant; that the instruction was erroneous, cited Walrath v. Norton, 5 Gilm. 437; Winchester v. Grosvenor, 44 Ill. 425; O. O. & F. R. V. R. R. Co. v. McMath, 4 Bradwell, 356; Buchman v. Dodds, 6 Bradwell, 25.

The receipts were *prima facie* evidence and cast the burden upon plaintiff to disprove them: Herrick v. Gary, 83 Ill. 85; Graves v. Colwell, 90 Ill. 612.

Mr. Wm. H. Condon, for appellee.

Wilson, P. J. We can not affirm this judgment without violating the established rule, both of the Supreme Court and of this court, that where the evidence is conflicting on material points, and the merits of the case are doubtful, the instructions given to the jury must be accurate and correct, or the judgment will be reversed. Such a rule is essential to the ends of justice and can not be ignored.

Bauchwitz v. Tyman.

The lease of the premises in question was for the term of eleven months, from June 1, 1880, to May 1, 1881, at sixty dollars per month; and the present suit was brought to recover for the rent alleged to be due and unpaid for the month of April, 1881. On the trial the defendant gave in evidence eleven receipts of the plaintiff, each for sixty dollars, and among them a receipt acknowledging payment of the rent for the month of April. The receipts were *prima facie* evidence of payment, and the burden of proof was thereby cast upon the plaintiff to rebut the presumption arising from such receipts. The plaintiff testified that she had received only ten months' rent, and had not been paid for the month of April. The defendant testified, on the contrary, that he had paid the plaintiff for the full eleven months including the month of April, and that she had received all the moneys specified in the receipts. Here was a sharp conflict of evidence upon the main, indeed, the only question in the case, and called for a strict application of the rule above stated.

The instruction given at the instance of the plaintiff was as follows: "If the jury believe from the evidence that the defendant was the plaintiff's tenant at a specified rent per month, the defendant by a preponderance of evidence must satisfactorily prove that he has paid his rent for the time he was tenant. Otherwise your verdict should be for the plaintiff for any rent found unpaid."

This instruction imposed upon the defendant a higher degree of proof than the law requires. In civil suits a preponderance of the evidence is all that is necessary. Here the jury were told that the defendant must *satisfactorily* prove that he had paid the rent. Under such an instruction the jury might have said, "though we are of opinion that the evidence preponderates in favor of the defendant, we are, nevertheless, not quite satisfied about it, and so we find for the plaintiff." The instruction, as given, was liable to mislead the jury, and was therefore improper.

The judgment of the court below must be reversed and the cause remanded for a new trial.

Reversed and remanded.