E. M. HULSE *et al.*

*v.*

STEPHEN L. MERSHON *et al.*

*Filed at Ottawa May 9, 1888.*

1. INSOLVENT DEBTORS—*preference of creditors—to what extent allowable—as to attorneys' fees included in judgment by confession.* While a debtor in failing circumstances, who does not seek the benefit of the general Assignment act, may prefer one creditor to the exclusion of others, when he does so in good faith, it is also true that a gift or voluntary conveyance by an insolvent debtor is presumptive evidence of fraud, and void.

2. The right of an insolvent debtor to give a preference among his creditors can only be exercised as to the amount actually and lawfully due, as against the rights of his other creditors who are not preferred. It is only "for a debt *bona fide* due," that a person may confess judgment.

3. In this case, a failing debtor gave certain of his creditors his notes for the sums actually due them, and about fifteen per cent of their amount in addition, as attorneys' fees, with a power of attorney to confess judgment for the full amount of the notes, including the attorneys' fees. The attorneys knew, at the time the notes were given, that the debtor was insolvent: *Held,* that as to the other creditors not preferred, the amount of the attorneys' fees was a gift to the preferred creditors, and fraudulent and void.

4. The moral obligation resting upon a debtor to see that his creditor gets all his money without the deduction of fees, is a sufficient consideration for a contract between a solvent debtor and his creditor to have judgment confessed for a reasonable attorney's fee, in addition to the debt, but this can not be done to the prejudice of other equally meritorious creditors.

APPEAL from the Appellate Court for the First District;— heard in that court on writ of error to the Superior Court of Cook county; the Hon. HENRY M. SHEPARD, Judge, presiding.

Messrs. FRANK G. SMITH & HELMER, for the appellants:

An insolvent debtor has the right to prefer creditors at his own discretion, so long as he does not make a general assignment. *Ewing* v. *Runkle,* 20 Ill. 448; *Waddams* v. *Humphrey,* 22 id. 661; *Funk* v. *Staats,* 24 id. 645; *Schroeder* v. *Walsh,* 120 id. 403.

The allowance of a reasonable attorney's fee in a judgment note is upon a valid consideration, not against public policy, and binding upon the makers and all others. *Smith* v. *Silver,* 32 Ind. 321; *Imler* v. *Imler,* 94 Pa. St. 372; *Pasham* v. *Pulliam,* 5 Coldw. 487; *Ball* v. *Miller,* 38 Ill. 110; *Clawson* v. *Munson,* 55 id. 394; *Dunn* v. *Rodgers,* 43 id. 260; *Haldeman* v. *Insurance Co.* 120 id. 390.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is a creditor's bill, filed by appellees against appellants in the Superior Court of Cook county, upon three judgments, amounting to $2709.40, rendered by that Court at the October term, 1886, against the appellant, E. M. Hulse, and upon which judgments executions were duly issued and returned unsatisfied. The bill seeks to reach the amounts of certain attorneys' fees, included in certain judgments by confession entered up in favor of a number of preferred creditors, who, together with their attorneys, are made defendants and appear herein as appellants. Answer was filed to the bill and replication filed to the answer. The cause was heard upon an agreed state of facts, embodied in a written stipulation signed by counsel for both sides. The Superior Court dismissed the bill for want of equity, and the case was taken by writ of error to the Appellate Court; the latter Court reversed the decree of the Superior Court and remanded the cause, with directions to decree the payment of the moneys, collected as attorneys' fees, in satisfaction of the judgments of the complainants, ordering that the plaintiffs in error there, who are appellees here, recover their costs, etc. The case is brought here by appeal and upon certificate of importance, signed by two judges of the Appellate Court.

On September 9, 1886, E. M. Hulse, then engaged in the business of manufacturing and selling furniture in Chicago, owed complainants $2709.40, as already stated, and also owed

the following amounts to the following defendants: Cassell $3825.71; Katlinsky & Co. $985.25; Harris Rag and Metal Co. $1000; Swisky $517; Bowes $1011.35; Hartman $505.95; Barth $611. On that day Hulse, being insolvent and aware of his insolvency, desired to prefer the defendants thus named, who were simple contract creditors and whose claims were not yet due, and, to that end retained, as his personal counsel, two attorneys in Chicago, whom he informed of his insolvency and consulted as to what steps might be lawfully taken to prefer said creditors. He was advised that he could give defendants judgment notes and add therein reasonable attorneys' fees. Thereupon the attorneys, at the request of Hulse, prepared judgment notes for the full amounts due the defendants respectively as above stated, and also for about fifteen per cent in addition thereto as attorneys' fees. The attorneys' fees in the note to Cassell were $573; in that to Katlinsky & Co. $145; in that to the Rag and Metal Co. $150; in that to Swisky $75; in that to Barth $90; in that to Bowes $150; in that to Hartman, $75. The total amount of the seven judgment notes given to the preferred creditors was $9709.26, of which $8451.26 was actual indebtedness and $1258 was for attorneys' fees.

The notes were dated September 10, 1886, and due on demand. Hulse, after signing them, left them with the attorneys, who, under his instructions, gave them to the defendant creditors, after the latter were informed of the foregoing facts, in consideration of their receipts in full for all their claims against Hulse. The creditors then retained these same attorneys to enter judgments on the notes and collect them out of Hulse's assets. On September 11, 1886, the attorneys entered up judgments in favor of said defendants upon the notes respectively for the amounts above specified together with the attorneys' fees already named. Executions were issued and all of them, except that in favor of Barth, were levied upon the assets of Hulse.

Barth's execution was returned unsatisfied and, on September 15, 1886, he filed a creditor's bill in the Superior Court, and, on the same day, obtained the appointment of one Wilson, as receiver. On September 25, 1886, the assets in the sheriff's hands were turned over to the receiver, subject to the rights of the execution creditors, and the receiver proceeded at once to make sale. On October 18, 1886, he made report, showing that he had funds enough to pay the said judgments, his own fees and $50 to said attorneys, who also acted as attorneys for the receiver. The report was approved, and, under order of court, the receiver paid in full the judgments so rendered in favor of the defendants, amounting to $9709.26 and including the $1258 for attorneys' fees.

Cassell being a resident of Wisconsin, the attorneys in question, who received the whole amount of his judgment, remitted to him $3825.71, the amount of his claim, and retained the $573 for their fees.

When the judgment notes were given, and also when the judgments were entered up, and, again, when the creditor's bill was filed and the receiver appointed, these attorneys knew that Hulse was insolvent, and that the judgment notes were given for the purpose of preferring the defendant creditors to the extent of their just claims, and that, when such notes were paid in full, the assets of Hulse would be nearly or quite exhausted, and that the complainants and the other creditors would be unable to collect their claims.

Appellees claim, that, under the facts thus stated, the attorneys' fees, provided for in the powers of attorney attached to the notes, were, in law and equity, gifts to the payees in the notes, and, as such, fraudulent and void as to the other creditors, and that the appellants should be compelled, in equity, to turn the amount of such fees over to appellees, or to a receiver for their benefit.

The appellants claim, that Hulse had a right to make the judgment notes, as he reserved to himself no right or interest

therein and only included the fees in them to enable the payees to get payment of their just debts "without deduction of loss by costs or other expenses," and that, as to the defendant attorneys, the money, received by them out of said judgment of Cassell, was so received by them as his attorneys, and that appellees as against such attorneys have no rights in the premises.

It was stipulated, that, if the court below should find for defendants, the bill should be dismissed, but if the finding should be for complainants, decree should be entered against the attorneys for the $573 and against the other defendants respectively for the amounts of attorneys' fees embraced in their respective judgments.

We think that the position of the appellees is correct and should be sustained.

It is undoubtedly true, that a debtor in failing circumstances and who does not seek the benefit of the general Assignment Act, may prefer one creditor to the exclusion of others, when he does so in good faith. But it is also true, that a gift or voluntary conveyance by an insolvent debtor is presumptive evidence of fraud. When a man voluntarily and without consideration, puts his property out of his hands, being at the time in debt, his act in so doing is, as to pre-existing creditors, fraudulent and void. (*Moritz* v. *Hoffman et al.* 35 Ill. 553.)

In the present case, Hulse, though insolvent, had a right to give the judgment notes to the appellants respectively for the respective amounts of their claims against him and thereby prefer them over his other creditors. But he had no right to give them $1258 out of his assets when he was insolvent, and thereby prevent other creditors equally meritorious from realizing that much towards the payment of their debts.

If the judgments in favor of appellants had been obtained by suit in the ordinary way, attorneys' fees could not have been taxed as a part of the costs. The plaintiffs in the judgments would have been obliged to pay their own attorneys'

fees, nor could they have recovered of Hulse in separate suits the amounts advanced by them for such fees. Therefore, when he agreed to give those fees to the appellants at a time when his assets were only sufficient to pay the appellants and no other creditors, he deprived such other creditors of their lawful dues. Hulse did not owe the $1258 to appellants. He was not legally bound to pay it to them. Hence, when he put it in the notes, he made a voluntary donation of it to them while he was indebted to others.

The right of the insolvent to give a preference can only be exercised as to the amount actually and lawfully due. When Hulse gave the preferred creditors the privilege of retaining $1258 out of his assets to be applied towards the payment of attorneys' fees for entering up seven judgments, amounting all together to only about $9000, he did not thereby provide for the payment of a debt then actually and lawfully due. By adding the $1258 into the notes, he attempted to create a new debt, not resting upon a sufficient consideration to give it preference over the claims of other creditors. It is only "for a debt *bona fide* due" that a person may confess judgment. (Rev. Stat. chap. 110, sec. 65, paragraph 66.)

It is true, that, when a creditor is compelled to sue and deduct attorneys' fees for prosecuting the suit, he does not realize the full amount of what his debtor owes him. He only realizes such amount less attorneys' fees paid out. The moral obligation resting upon the debter to see that the creditor gets all his money without deduction of fees is undoubtedly a sufficient consideration for a contract between a solvent debtor and his creditor to have judgment confessed for a reasonable fee in addition to the debt. In the cases alluded to by counsel, where a reasonable fee has been allowed to be included in the judgment by confession pursuant to the contract therefor in the judgment note, no question arose as to the insolvency of the debtor, nor as to his right to give a preference by judgment note while in an insolvent condition. In those cases, the simple

question was, whether a contract to confess judgment for the debt and a reasonable fee was a valid and binding contract.

But under our Illinois statutes and practice, there is no legal obligation resting upon the debtor to protect his creditor against deduction for fees, in case the latter is compelled to sue. When a debtor is insolvent and provides for giving some of his creditors preferences over others equally meritorious, a legal obligation—and not a mere moral obligation—must lie at the basis of such preferences.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*