NICHOLAS DYK

v.

JITCHE DE YOUNG.

*Criminal Law—Assault and Battery—Personal Injuries—Damages— Newly Discovered Evidence—Diligence—Instructions.*

1. The mere snatching of a paper from another amounts to a technical . assault, and, though no injury follows, will justify the recovery of damages.

2. A person entitled to an article withheld by another, should request its return before attempting to take it by force.

3. In an action brought by a married woman for the recovery of damages for injuries occasioned by an assault, this court declines, in view of the evidence, to interfere with the verdict in her behalf.

[Opinion filed December 24, 1889.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. VAN BUREN & MOAK, for appellant.

Mr. J. C. TRAINOR, for appellee.

Dyk v. De Young.

GARY, P. J.    The appellee is a married woman and was far advanced in pregnancy at the time she alleges the appellant committed upon her an assault and battery.    She further alleges a permanent breaking down of her health as a consequence.

The husband of the appellee was to pay to the appellant $5. The appellant wrote a receipt which (whether against the will of the appellant or not was disputed) the husband took into his hands.    The husband gave it to the appellee and she said something about it (but what, is also disputed) and the appellant then attempted to take it from her by pulling it out of her grasp.    In this attempt the receipt was torn, but no injury came to the appellee from the force thus used.    She alleges, however, that in the same instant he struck her on the abdomen, and that her injuries are the result of that blow.

Whether he did strike her or not, was the subject of conflicting testimony, with some circumstances about which there is no dispute, which may be regarded as corroborating her version.

The extent of her injuries, and even whether she was injured at all or not, are also the subjects of conflicting testimony.    For all such controversies the law provides a trial by a jury and makes their verdict, under ordinary circumstances, final.

There is no such absence of evidence supporting the verdict, and no such weight of the evidence against it, as would justify this court setting it aside.    The record falls very far short of presenting such a case for the interference of the court, as was held insufficient in Miller v. Balthasser, 78 Ill. 302.    The court instructed the jury for the appellant, that unless the appellee had "proven the allegations of her declaration by a clear preponderance of the evidence" they would find him not guilty.    This was more than he was entitled to.    Bitter v. Saathoff, 98 Ill. 266, and cases there cited.

The so-called newly discovered testimony relates only to the condition of her health, and the manner in which she lived in squalor, before the alleged assault.    As the parties were neighbors, and the appellant was in the house of the

appellee when he wrote, and attempted to take from her, the receipt, and as her declaration in this suit gave notice of her claim of ruined health, there could be in the discovery of testimony upon those matters, no compliance with the rule of law as to diligence.   The rule laid down in Crozier v. Cooper, 14 Ill. 139, as to granting new trials for newly discovered evidence has been adhered to in numerous subsequent cases, easily found in the Illinois Reports.

The appellant complains of the refusal of this instruction : " The jury are further instructed, that if they believe from the evidence that the plaintiff, with force, and without the consent of the defendant, obtained the possession of the receipt in question, with the intention of keeping the same without paying the money described in the receipt for the purpose of fraudulently using the same at some future time, then the defendant had a right to obtain the same, using no more violence or force than was necessary to obtain the same."

There was no evidence that she by force obtained the possession of the receipt.   If he was entitled to it, and she withheld it, a request must, in such a case, precede the exercise of force.   Tullay v. Reed, 1 C. & P. 6, and cases cited in 2 Ch. Pl. 698 *et seq.*, 16 Am. from 7th Lond. Ed.

The mere snatching of the paper, or a part of it, from her, was a technical assault, 1 Seln. N. P. 27; 1 Dallas R. 114; 1 Hill, S. C. R. 46, and though no injury followed, would entitle the appellee to some damages.   There is no error and the judgment must be affirmed.

*Judgment affirmed.*