## Jasper Cipher v. McFall & Whittington.

1. SURETIES—*May be Preferred by Failing Debtor.*—A debtor may secure, indemnify or otherwise protect his surety in preference to other creditors. A surety stands in just as favorable relation to the right of preference as any other creditor, even though the debt is not due.

**Transcript,** from a justice of the peace. Appeal from the County Court of Franklin County; the Hon. ROBERT M. FARTHING, Judge, presiding. Heard in this court at the August term, 1896. Reversed and remanded. Opinion filed March 3, 1897.

FLANNIGAN & PAYNE, attorneys for appellant.

HART & SPILLER, attorneys for appellees.

MR. PRESIDING JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The facts out of which this case arose, in brief are, that John W. Cipher sold his store on the 20th day of August, 1895, to William Hudleson, for $468, for which the latter executed his notes, four of them, for $50 each, the first of said four notes being due October 20, 1895, and the others

falling due on the 20th of November, December and January following, respectively; the fifth note falling due September, 1896.

Two of these fifty dollar notes were assigned by John W. to Jasper Cipher, as claimed, the latter part of August, or first of September, 1895, in consideration of $59, which it is claimed the former was owing the latter, and to enable him to pay a $50 note due to Hamilton, given by John W. Cipher, on which Jasper was surety. The assignee received and retained possession of said notes.

On the 24th day of September, 1895, appellee obtained judgment against John W. Cipher before a justice of the peace, on which execution was issued and returned "no property found," and thereupon garnishee summons was issued and served on William Hudleson, as a debtor of John W. Cipher. At the time set for trial, Jasper Cipher, the appellant, appeared and claimed to be the owner of said two notes, whereupon a trial was had on said issue and found against the claimant. An appeal was taken to the County Court, where on trial a like result followed, from which this appeal is prosecuted.

It appears from the evidence that the Hamilton note was due before the assignment of the notes to appellant, and Hamilton had demanded payment. It also appears that appellant paid the Hamilton note, on which he was surety, but not until after the commencement of this suit. The case turns or depends largely on this transaction.

The court below held that if the Hamilton note was not paid by Jasper Cipher until after the assignment of the Hudleson notes to him, that such assignment by J. W. Cipher, in consideration that Jasper Cipher was to afterward pay the Hamilton note, was void as to the creditors of J. W. Cipher. Appellee here insists that is the law, and cites Darst v. Bates et al., 51 Ill. 439; Stevens v. Hurlburt, 25 Ill. App. 125; in support of the proposition. In this position appellee is in error and the cases cited do not sustain him. They merely hold that a surety can not maintain his action until he has paid the debt for which he is surety.

It is well settled law, however, that a debtor may secure, indemnify or otherwise protect his surety in preference to other creditors. Such surety, though the debt is not due, stands in just as favorable a relation to the right of preference as any other creditor. Morris v. Tillson, 81 Ill. 607; Welsch v. Werschem, 92 Ill. 115; Wood v. Clark et al., 121 Ill. 359.

The case of Hulse v. Mershon, 125 Ill. 52, and Frank v. King, 121 Ill. 250, in no way conflict with this doctrine. In the latter case it is simply held that as between husband and wife, where a preference is given, the proof must be clear and satisfactory of the indebtedness, not that it is due. This language, "clear and satisfactory," measures the degree and character of proof that should be required, but it is not proper to incorporate that language in an instruction. Bitter v. Saathoff, 98 Ill. 266; Bauchwitz v. Tyman, 11 Ill. App. 186. The other case simply holds that a debtor in failing circumstances can not give away a part of his estate, as against other creditors, in the way of attorney's fees in a note.

This case was tried on an erroneous theory of the law, and will have to be reversed and remanded, and it is so ordered.