## Emily C. Dow v. Milton O. Higgins.

1. INSTRUCTIONS—*Increasing the Burden of Proof.*—An instruction which requires something more than the mere preponderance of the evidence necessary in civil cases, as the basis of the finding of a jury, is erroneous and will necessitate the reversal of the judgment if there was any conflict in the evidence.

2. PROMISSORY NOTES—*In Settlement of Gambling Contracts Void.*— Under Section 136 of Chapter 38, R. S., entitled the "Criminal Code," a note given in settlement of a gambling transaction is subject to the same defense in the hands of an innocent purchaser as in the hands of the original payee.

3. SAME—*Innocent Holders of Illegal Paper.*—An innocent purchaser of negotiable paper can not be protected merely because he is a *bona fide* holder who has acquired for value before maturity and without notice, as against the defense of illegality of consideration, when such illegality arises from express prohibition of the statute and when the statute in terms makes the instrument void.

4. ESTOPPEL—*To Defend Against Gambling Contracts.*—The maker of a note given in settlement of a gambling contract signed a paper, at the same time stating that he had given the note for a good and valuable consideration and that he had no defense to it. In a suit upon the note *it was held* that the writing could not be availed of as an estoppel *in pais* to preclude the defense of illegality.

Assumpsit, on a promissory note. Error to the Circuit Court of Cook County. The Hon. ABNER SMITH, Judge, presiding. Heard in this court

at the October term, 1897.    Reversed but not remanded.    Opinion filed December 16, 1897.

John H. Rollins, attorney for plaintiff in error, and D. M. Kirton, of counsel, contended that the notes are absolutely void, even in the hands of an innocent purchaser for value before maturity.    See Sec. 136, Criminal Code; Chapin v. Dake, 57 Ill. 295; Williams v. Judy, 3 Gilm. 282.    No statement could validate them, and the written statement is in effect no more than what the notes imply without it.

J. J. Parker, attorney for defendant in error; Milton O. Higgins, *pro se.*

Where the maker of a note says to a buyer that the note is all right, he can not defend.    If the holder bought with the maker's knowledge and consent, he is estopped from defending.    Ivey v. Nicks, 14 Ala. 564; Casco Bank v. Keen, 53 Me. 104; Hefner v. Dawson, 63 Ill. 403; Needham v. Clary, 62 Ill. 344; Smith v. Newton, 38 Ill. 230.

A much broader scope has been given to the doctrine of estoppels *in pais* than formerly, and it is established that whenever an act is done or statement made by a party which can not be contradicted without fraud on his part, or injury to others whose conduct has been influenced by the act or admission, it will be binding.    Smith v. Newton, 38 Ill. 230.

Mr. Justice Sears delivered the opinion of the Court.

This is a suit upon promissory notes, given by plaintiff in error to one Holzapfel and by him transferred to defendant in error for value and before maturity.

The defense interposed was that the notes were given in settlement of a gambling transaction, prohibited by statute, and hence are void.

Defendant in error replied, denying this, and also by his second replication pleaded estoppel *in pais* by reason of a statement in writing, made by plaintiff in error, upon which it is alleged that defendant in error relied at the time of purchasing the notes.

The evidence shows conclusively that the notes were

given on account of a gambling transaction, viz., dealings in options upon future purchases and sales of grain.

Two assignments of error are urged by counsel: First, the giving of the first instruction for plaintiff in trial court, defendant here; and second, the admission of evidence under the second replication.

The instruction complained of is: "The court instructs the jury that the making of the two notes in suit being admitted by the defendant, and the ownership of the plaintiff being shown, the burden of proof to establish a defense to the notes rests on the defendant. And the only defense set up by the defendant being that the notes were given in renewal of a note of $500, which was itself given to settle a claim for differences and certain fictitious dealings in grain or options, it devolves on the defendant to satisfy the jury that the said notes were given in renewal of said $500 note, and to satisfy the jury by a clear preponderance of the evidence that such note for $500 was given for differences in pretended dealings in grain."

The instruction is faulty in that it requires something more than the mere preponderance of the evidence, necessary in civil cases, as the basis of the finding of the jury. Stratton v. The Central C. H. Ry. Co., 95 Ill. 25; Ottawa, O. & F. R. V. Ry. v. McMath, 4 Ill. App. 356; Bauchwitz v. Tyman, 11 Ill. App. 186.

And the giving of this instruction would necessitate the reversal of the judgment, if there was any conflict in the evidence.

But the more important question, and one which we regard as determinative of this cause, is the question of the sufficiency of the matters pleaded in the second replication.

The writing which is therein pleaded as constituting estoppel *in pais* is as follows:

"Chicago, December, 1895.

I, Emily C. Dow, do hereby certify that the two promissory notes, bearing even date herewith, for two hundred and fifty dollars each, and payable to my order in thirty and sixty days after date, are given by me for a good

and valuable consideration, and that I have no defense to either of them.                    Emily C. Dow."

It appears to have been made and delivered to the payee contemporaneously with the execution of the notes, and to have been received by defendant in error at the time of purchasing the same.

The question presented is: Can this writing be availed of as an estoppel *in pais* to preclude the defense of illegality, and to effect the enforcement of so much of the illegal contract as is included in the collection of those notes, which the statute declares to be void?

It has been, in general terms, held that there can not be any estoppel against showing that a contract is made void by statute. Bigelow on Estoppel, p. 558, note; Rosebrough v. Ansley, 35 Ohio State 107; Coppell v. Hall, 7 Wall. (U. S.) 542; Oscanyan v. Arms Co., 103 U. S. 268; Shenk v. Phelps, 6 Ill. App. 619; Durkee v. The People, 53 Ill. App. 396; affirmed in Durkee v. The People, 155 Ill. 354.

It will be observed, however, that in each of these cases, and in the others upon which the expressions of the text-writers are based, the doctrine of estoppel has been sought to be applied in behalf of one of the parties to the illegal transaction to enforce it as against the other party thereto.

And there are cases which hold that when the estoppel is invoked by an innocent third party, it may avail even as against the plea that the transaction is by statute made wholly void. Davison v. Franklin, 1 Barn. & Ad. 144, where it was applied to a gaming transaction, which, under Stat. 9 Ann, Ch. 14, made the security in question wholly void. Also, Payne v. Burnham, 62 N. Y. 72, where it was applied to a usurious contract, which, under the statute there controlling, was void.

By force of our statute, Sec. 130, Criminal Code, this transaction as between the maker and payee of these notes, is not only made void, but by Sec. 136 of the Criminal Code, the notes are subject to the same defense when in the

hands of a purchaser for value without notice and before maturity.

And, irrespective of Sec. 136 of our statute, the rule may be said to be well settled, that an innocent purchaser of negotiable paper can not be protected merely because he is a *bona fide* holder, who has acquired for value before maturity and without notice, as against the defense of illegality of consideration, when that illegality arises from express prohibition of the statute, and when the statute in terms makes the instrument void. 1 Daniel's Neg. Insts. 807; Chitty on Bills, 116; Bayley on Bills, 69; Early v. McCarl, 2 Dana (Ky.), 414.

The position of defendant in error as an innocent purchaser before maturity, can not, therefore, avail him, and there are reasons peculiar to this case why, here at least, the estoppel pleaded can not be permitted. The writing in question was given at the time of the making of the notes. It was a statement sent out with the notes, and not a representation made peculiarly to the purchaser, defendant in error, in response to any inquiry made by him.

It amounted simply to a repetition of the announcement of the notes themselves, and contemporaneously with the execution of them. If the purchaser may not, under the rule above stated, rely upon representations placed upon the face of the note and included in it, no more, in principle, could he rely upon the same representations made at the same time separately and attached to the note. 1 Daniel on Neg. Insts. 862; Jaqua v. Montgomery, 33 Ind. 36.

We conclude, therefore, that the doctrine of estoppel *in pais* can not be invoked to apply to the facts presented in this case.

As this determination amounts to an exclusion of the matters relied upon by way of reply in the second replication, and as no other issue is raised by the evidence, it being in effect conceded that the notes were given in settlement of a gaming transaction, and are within the application of Secs. 130 and 136 of the Criminal Code, it only remains to reverse the judgment without remanding. Judgment reversed.