**State Bank of Mansfield et al., Plaintiffs in Error, v. The Moore State Bank et al., Defendants in error.**

**Gen. No. 8,122.**

Opinion filed February 8, 1928.

W. A. Doss, F. M. Shonkwiler and C. W. Firke, for plaintiffs in error.

Edie & Edie, for defendant in error Moore State Bank.

Mr. Presiding Justice Shurtleff delivered the opinion of the court.

The Moore State Bank, one of the defendants in error, filed its bill of complaint in the circuit court of Piatt county on January 12, 1926, to the February term thereof, to foreclose a mortgage given by one Asahel Thomas in his lifetime to the complainant, covering 390.55 acres of land in Piatt county to secure an indebtedness of $19,350.

The bill alleged that on and prior to January 25, 1926, one Asahel Thomas was indebted to defendant in error and thereupon duly executed his note and mortgage to secure said indebtedness conveying certain real estate owned by said mortgagor in the county of Piatt, State of Illinois; that said mortgage was filed for record in the office of the recorder of deeds of Piatt county, Illinois, on January 25, 1922; that said Asahel Thomas died intestate May 20, 1922, leaving surviving him certain heirs at law, and that administration was then pending upon his estate; that said real estate was incumbered by prior mortgage for the principal sum of $41,000; that said indebtedness was due one year after date and default had been made in

the payment thereof. The said original bill for foreclosure of said mortgage made parties defendant thereto the heirs at law of said Asahel Thomas, deceased, the administrators of his estate and certain persons who had judgments of record against certain of said heirs at law. None of the plaintiffs in error and none of the complainants in the cross-bill were parties to the original bill. Answers to said bill were filed by the administrators of the estate of Asahel Thomas, deceased, and also by his heirs at law.

At the February term, 1926, of said court, plaintiffs in error, with other persons, obtained leave to become parties defendant and to file a cross-bill. Thereupon plaintiffs in error, joined with other persons, filed a cross-bill in said cause alleging in substance that cross-complainants were creditors of Asahel Thomas, deceased, and were such creditors on January 25, 1922, and that the Moore State Bank had knowledge of the indebtedness of Asahel Thomas, deceased, to said cross-complainants and that the execution of said mortgage was made to hinder and delay cross-complainants in the collection of their debts and was fraudulent as to them.

The cause was referred to a special master in chancery to take the proofs and report his conclusions of law and fact.

The testimony tended to show that at the time Thomas gave the note and mortgage to defendant in error to secure a bona fide debt, that Thomas was hopelessly insolvent and that defendant in error had knowledge of that fact. Plaintiffs in error have brought the record by writ of error to this court for review, to reverse the decree entered in favor of the original complainant.

The right of a debtor to pay one creditor in preference to another or to deliver property in satisfaction or to create a lien upon such property for the security of a particular debt, in preference to and to the ex-

clusion of all other liabilities, always existed at common law and is the established rule in this state. (*Cross v. Bryant*, 2 Scam. [3 Ill.] 36; *Bartel v. Zimmerman*, 293 Ill. 154, 162; *Barnes v. Ward*, 190 Ill. App. 392.) But it is contended by plaintiffs in error that the statements made by the cashier of the Moore State Bank to Thomas that "the Bank wanted a mortgage to protect the Bank and said Thomas," renders the transaction fraudulent and the mortgage should be set aside. There is no merit in this contention. In *Behrens v. Steidley*, 198 Ill. 303, 306, the court held:

"We have repeatedly held that under our Statute of Frauds and Perjuries, in order to set aside a conveyance on the ground that it was made to hinder and delay creditors, it must appear that both parties participated in the fraud; and that the conveyance may have the effect to delay and hinder the creditors does not, of itself, bring a case within the statute. (*Ewing v. Runkle*, 20 Ill. 449; *Hessing v. McCloskey*, 37 Ill. 341.)"

Even attributing to the statement of the cashier a purpose to mislead and secure a preference which would result in the exclusion of other creditors, there is no proof that Thomas acted otherwise than from a motive to prefer defendant's in error debt. The statement and the conduct of the parties were not such a fraud as is contemplated under the statute against frauds and perjuries. Neither party did anything that he or it did not have a right under the law to do.

In *Murry Nelson & Co. v. Leiter*, 190 Ill. 414, 422, the court held:

"A debtor in failing circumstances, not seeking the benefit of the general Assignment act, may decide to prefer and pay one creditor to the exclusion of all others, or may, by mortgage or deed of trust, or in other legal manner, secure the payment of his indebtedness to one creditor though he thereby hinders and delays his other unpreferred creditors in the collec-

tion of their claims, provided the payment is made or security given with the intent, in good faith, to discharge or secure the preferred claim. (*Waddams v. Humphrey,* 22 Ill. 661; *Funk v. Staats,* 24 Ill. 633; *Morris v. Tillson,* 81 Ill. 607; *Welsch v. Werschem,* 92 Ill. 115; *Wood v. Clark,* 121 Ill. 359; *Hulse v. Mershon,* 125 Ill. 52.) A debtor who is indebted to a number of creditors, when he exercises the right to prefer one of his creditors and to secure the payment of his indebtedness to such creditor by a mortgage or deed to a trustee creating a prior lien on his real estate, must, of course, not only be conscious that his act of preference will hinder and delay,—possibly defeat,— the collection of other demands against him, but if he intends his mortgage or trust deed shall be effective, his purpose being to subordinate the claims of the other creditors to that of the creditor he desires to prefer, it may always be said his intention is to hinder and delay all the unpreferred creditors. The test to be applied is whether the debtor, in exercising the privilege of making the preference, acts in good faith, with the intent to pay, or secure the payment of, a just indebtedness against him, and he cannot be deprived of the right on the ground he knows or intends that the preference given to one creditor, to the extent such preference shall be available and effective, will operate to hinder and delay other creditors.''

The abstract does not set out the master's report or the objections and exceptions to the same; neither is there an index to the abstract, which is a violation of the rules in this court, and for the reasons stated the decree of the circuit court of Piatt county is affirmed.

*Affirmed.*