# DANIEL H. BALL

*v.*

# WILLIAM H. MILLER.

1. JUDGMENTS *by confession—may include attorney's fees.* A judgment entered by confession upon warrant of attorney, may properly include attorney's fees if authorized by the warrant of attorney.

2. SAME—*proof of warrant of attorney.* An affidavit showing the execution of a warrant of attorney to confess a judgment, filed with the warrant, is sufficient proof of its execution, even when the judgment is entered in vacation.

3. SAME—*when and in what manner they may be questioned.* A judgment by confession will not be reversed for irregularities in its entry, provided it is in conformity with the power, unless the defendant has first applied to the court below for relief, and shown some equitable ground therefor.

WRIT OF ERROR to the Circuit Court of DeKalb County; the Hon. T. D. MURPHY, Judge, presiding

The case is sufficiently stated in the opinion of the Court.

Messrs. SMITH, HART & CLYDE, for plaintiff in error.

Mr. A. M. HERRINGTON, for defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This is a writ of error prosecuted on a judgment by confession. The power of attorney was in all respects formal and sufficient, and upon computation we do not find that the judgment was confessed for a larger sum than was authorized by the power, or that the attorney in fact in any way went beyond his authority. There was no error in his including the twenty dollars attorney's fees in the judgment. He was authorized to do so by the power.

It is urged that the execution of the power of attorney was

not duly proven, the confession being in vacation. But an affidavit was filed with the power proving its execution, and we do not see what other proof could be made in vacation. *Hall* v. *Jones,* 32 Ill. 39.

It is also assigned for error that the judgment does not discriminate between debt and damages. In the case of *Rising* v. *Brainard,* 36 Ill., decided at the Ottawa Term, 1864, the court so far overruled a former decision as to hold that it would not reverse a judgment by confession for irregularities in its entry, provided it was in conformity with the power, unless the defendant had first applied to the court below for relief, and shown some equitable ground therefor. In the present case no such application was made, and we can not reverse the judgment for the alleged error, if such error exists, or for any of like character

*Judgment affirmed.*