# First National Bank of Pana v. Havens & Geddis Co.

## Same v. Terre Haute Shoe Company.

1. JUDGMENT CREDITOR—*May Attack a Prior Judgment.*—A judgment creditor may, by motion in a court of law, attack a prior judgment against his debtor entered in vacation by confession, on the ground it is void for want of jurisdiction or authority to enter it, or is fraudulent or collusive as to him.

2. JURISDICTION—*Of Courts of Law over Judgments by Confession Entered in Vacation.*—Courts of law exercise equitable jurisdiction over judgments by confession in vacation. And if there is an absence of authority to confess, or the judgment is fraudulent, a subsequent judgment creditor injured thereby will not be forced into a court of chancery to obtain relief, but may move to set aside the judgment in a court of

law. Such a motion is substituted for a proceeding in chancery and relief is granted under it upon equitable doctrines.

3. JUDGMENTS BY CONFESSION—*Extent of Equitable Relief Against.* —The general rule is that equitable relief will be granted against a judgment by confession to the extent only that it appears the judgment debtor has a legal or equitable defense to the debt upon which the judgment is founded.

4. SAME—*An Exception to the Rule.*—To this general rule there is an exception in favor of a subsequent judgment creditor who may have relief against a prior judgment, though rendered in part for a debt honestly due, if it includes also an amount not *bona fide* due, added for the purpose of fraudulently conveying the debtor's property, or hindering and delaying or defrauding his creditors.

5. SAME—*When Fraudulent.*—The law deals with a fraudulent judgment as with any other fraudulent contrivance, and will postpone its payment until subsequent judgment creditors it was designed to defraud have been paid in full.

6. SAME—*Stipulation for Attorney Fees.*—Where a warrant of attorney to confess judgment upon a promissory note provides for reasonable attorney fees, judgment therefor may be entered in open court upon proof of the reasonable value of such services; but where the amount of attorney's fees is not fixed in the warrant, the clerk has no power to hear testimony and judicially determine what is a reasonable fee, and enter judgment therefor in vacation.

7. SAME—*Effect of Unlawfully Entering Attorney's Fees upon Subsequent Judgment Creditor.*—The fact that attorney fees have been unlawfully included in a judgment entered in vacation, will not warrant a court in holding the entire judgment inoperative as to subsequent creditors. Unless actual fraudulent intent upon the part of the judgment plaintiff appears, his judgment should be upheld to the extent of the debt *bona fide* due to him.

8. SAME—*When a Judgment May be Confessed.*—Upon a judgment note, with a power to confess judgment thereon at any time thereafter, it is lawful to enter judgment at any time after the date of the note without regard to the expiration of the days of grace.

9. ATTORNEY FEES—*In Judgments by Confession.*—A contract for attorney fees in a judgment is one by which the debtor, in part consideration of the credit given him, agrees to indemnify his creditor against the consequences of his neglect or refusal to pay.

10. SAME—*As Against Existing Creditors.*—As against existing creditors, contracts for attorney fees in judgment notes, are, under certain circumstances, to be deemed in law as gifts of the debtors, and therefore not enforcible; but it does not follow in such cases that a judgment including such fees is to be deemed fraudulent *in toto* as to other creditors of the judgment debtor; such a result can follow only when the plaintiff in the judgment is guilty of actual fraudulent intent.

11. PREFERENCES—*Obtained by Judgment Notes.*—A person has a

First Nat. Bk. of Pana v. Havens & Geddis Co.

right to obtain a preference by way of judgment by confession, for an amount justly due him, provided he is not moved by any other consideration than that of securing the debt actually due to him.

12. FRAUD—*Not to Be Imputed—Attorney Fees.*—Fraud is not to be imputed to a creditor procuring a preference by means of a judgment by confession because he caused attorney fees to be included in the judgment.

13. SAME—*Must Be Practiced by Debtor.*—It is no ground for the intervention of third persons that fraud was practiced upon the debtor. It must be practiced by him and the plaintiff in the judgment to the injury of the complaining creditor before it can be set up in avoidance of a confessed judgment.

Judgments by Confession.—Motion to vacate, etc. Appeal from the Circuit Court of Christian County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1895. Reversed and remanded with directions. Opinion filed November 15, 1895.

## STATEMENT OF THE CASE.

On the 14th day of November, 1894, judgments in favor of the appellant bank were entered in vacation by the clerk of the Circuit Court of Christian County upon promissory notes as follows:

Three against A. C. Seitz and A. M. Craddick as partners composing the firm of Seitz & Craddick, respectively, for $3,800, $3,800 and $1,126.06.

One against A. C. Seitz in the sum of $4,915.

The warrant of attorney, by virtue whereof each of said judgments was rendered, authorized "any attorney of record to confess judgment for the amount due the holder of the note, together with costs and reasonable attorneys' fees" and an additional sum for such attorneys' fees was included in the judgment in each instance.

On the 15th day of November, 1894, executions issued on these judgments were levied upon a stock of general merchandise as being the property of said A. C. Seitz.

Afterward, on the 20th day of November, 1894, being one of the judicial days of the November term of said Christian Circuit Court, four judgments were rendered in open court against said A. C. Seitz by confession, one of them in favor of the Terre Haute Shoe Co. for $1,070.14, and the others in

favor of The Haven & Geddis Co. for amounts, respectively, as follows: $1,240.01, $2,715.07 and $455.61.

On a later judicial day of the said court, the Havens & Geddis Co. and The Terre Haute Shoe Co., respectively, filed a motion asking the judgments entered in vacation in favor of the bank be set aside and vacated, and the executions issued thereon and levies thereunder be quashed, and also that a rule be entered against the sheriff directing him to levy the executions issued upon the judgments rendered in term time in favor of the parties making the motion, upon the stock of merchandise owned by Seitz, and that said goods be sold under such levies, and that the proceeds be applied to the payments of their judgments.

The grounds for asking such action of the court are set out in the motion as follows:

First. That said Seitz is insolvent and has no property except said stock of dry goods, etc.

Second. That executions were issued upon each of the four judgments entered on the 14th of November, 1894, in favor of the First National Bank of Pana, Illinois, and against A. C. Seitz and Seitz & Craddick on November 14, 1894, and delivered to said sheriff and by him levied upon, and possession taken of the whole of said stock of goods, fixtures, etc., as the property of said Seitz, and that said property is not sufficient to satisfy said four executions in favor of said bank and the execution in favor of plaintiff herein, and that said sheriff is proceeding to sell said stock of goods under and by virtue of said execution and levies in favor of the First National Bank of Pana, Ill., and to apply the proceeds of such sale in payment and satisfaction thereof.

Third. That the several judgments and each of them so confessed in favor of said bank or a part thereof, was without consideration and a fraud upon the plaintiff, and the general creditors of said Seitz and Seitz & Craddick.

Fourth. That the inclusion in each of said warrants of attorney and each of said several judgments of attorney fees render each of said judgments void.

Fifth. That each of said judgments is for a larger sum

than was due upon the note upon which it was confessed, and was unauthorized by the warrant of attorney in said note.

Sixth. That said judgments and each of them are for a larger amount than was authorized by the warrant of attorney under which they were severally confessed.

Seventh. That said judgments and each of them are void for want of sufficient proof of the execution of the warrant of attorney upon which it was confessed.

Eighth. That the execution of the said several promissory notes and warrants of attorney upon which said judgments were confessed, was procured by the false and fraudulent representations of said plaintiff by its cashier to the maker of said notes.

Ninth. That said judgments and each of them were entered by the court, as appears by the record.

Tenth. There is no sufficient record of either of said judgments appearing in this court, nor does authority appear of record for entering of said judgment, or either of them.

Eleventh. That each of said executions was issued before the judgment which purports to have been issued was written up.

Twelfth. That the two notes of $500 each, upon which judgment was confessed for $1,126, and signed in the firm name of Seitz & Craddick, were signed by A. C. Seitz without the knowledge or consent of Craddick, and void.

Thirteenth. That the two judgments for $3,800 each, confessed respectively upon the two notes for $3,500 each, with warrant of attorney attached, authorizing the confession for the amount that may appear to be due, with reasonable attorney's fees and costs, were signed in the firm name of Seitz & Craddick by A. C. Seitz, without the knowledge or consent of Craddick, and that each of said judgments are for a larger amount than due upon the notes, and void.

The sheriff entered a cross-motion asking the court to strike the original motion from the files " for want of jurisdiction to consider it, and because the judgment can not be attacked in a collateral proceeding."

The appellant bank appeared and by agreement the motions were consolidated and submitted together by the cross-motion of the sheriff to the court upon affidavits presented by the parties.

The court ordered and adjudged that as between appellant bank and the judgment debtor, each of the judgments entered in vacation "be *set aside and modified* to the extent of the attorneys' fees" included in it, and be otherwise confirmed and stand, and be a lien from the date of its entry in vacation, subject, however, to the judgments subsequently entered in open court in favor of the Havens & Geddis Co. and Terre Haute Shoe Co., and specially found and ruled in the judgment that no change had been made in the affidavit of proof of notes or powers of attorney, etc., and that neither Seitz nor Craddick presented any equitable defense to either judgment, and further adjudged the liens of the judgments and execution in favor of the Havens & Geddis Co. and the Terre Haute Shoe Co. superior to the lien of appellant's judgments, and entitled to be first paid and satisfied out of the property of the judgment debtors. This is an appeal prosecuted by the bank.

E. A. HUMPHREYS and J. C. McBRIDE, attorneys for appellant, contended that where judgment confessed in vacation includes a reasonable attorney's fee, to that extent it should be modified. Campbell v. Goddard, 117 Ill. 252; Campbell v. Goddard, 17 Ill. App. 382; Boynton v. Rennick, 46 Ill. 282 and 284; Zuckerman v. Soloman, 73 Ill. 130; Frye v. Jones, 78 Ill. 631; Iglehart v. Morris, 34 Ill. 501.

The power to confess judgment should not be so strictly construed as to defeat the evident intention of the parties. Holmes v. Parker, 125 Ill. 478.

The law is so averse to permitting litigants to be defeated in their just dues that it will not allow slight discrepancies or irregularities to vitiate a judgment. Osgood v. Blackmore, 59 Ill. 266.

When a judgment is confessed before the clerk, in vacation, all of the papers filed, declaration, warrant of attor-

ney, proof of execution, judgment and plea of confession, constitute the record. Durham v. Brown, 24 Ill. 94; Waterman v. Caton, 55 Ill. 94.

PALMER, SHUTT, DRENNAN & LESTER, attorneys for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The cross-motion interposed by the sheriff to strike from the files appellees' motion to vacate the judgments was properly overruled.

A judgment creditor may, by motion in a court of law, attack a prior judgment against his debtor on the ground it is void for want of jurisdiction or authority to enter it, or is fraudulent or collusive as to him. Black on Judgments, Sec. 290–293; Freeman on Judgments, 4th Ed., Vol. 2, Dec. 557.

Courts of law exercise equitable jurisdiction over judgments by confession in vacation, and if there is an absence of authority to confess, or the judgment is fraudulent, a subsequent judgment creditor injured thereby will not be forced into a court of chancery to obtain relief, but may move to set aside the judgment in a court of law. Farwell v. Husted, 151 Ill. 246.

Such a motion is substituted for a proceeding in chancery and relief is granted under it upon equitable doctrines.

The general equitable principle is, relief against a judgment will be granted to the extent only it appears the judgment debtor has a defense, legal or equitable, to the debt upon which the judgment is founded. Farwell v. Husted et al., 151 Ill. 239; Coleton v. Leitch, 110 Ill. 504; Farwell v. Husted, *supra;* Atwater v. Exchange Nat. Bank, 152 Ill. 606; Martin v. Judd, 60 Ill. 83; Freeman on Judgments, 2d Ed., 516.

To this general rule there is an exception in favor of a subsequent judgment creditor who may have relief against a prior judgment, though rendered in part for a debt honestly due, if it includes also an amount not *bona fide* due,

added for the purposes of fraudulently conveying the debt-
or's property, or hindering and delaying or defrauding his
creditors.

The law will deal with such a judgment as with any other
fraudulent contrivance and will postpone its payment until
the subsequent judgment creditors it was designed to defraud
have been paid in full. Atwater v. Amer. Nat. Ex. Bank,
*supra;* Young v. Clapp, 147 Ill. 176.

Where, however, the only purpose of the prior judgment
creditor was to obtain security for himself, and he did
not intend or endeavor to defeat, hinder, delay or defraud
other creditors, the prior judgment will be sustained and en-
forced to the extent it is founded on a *bona fide* indebted-
ness. Young v. Clapp, *supra.*

The warrants conferring power to confess the judgments
in the cases at bar authorized the confession of a sum "for
attorneys' fees" in addition to the amount due upon the
principal and interest of the notes.

Such a stipulation rests upon a good and valuable consid-
eration, and is lawful unless entered into in fraud of the
rights of other creditors.

Judgment thereon might have been entered in open court
upon proof of the reasonable value of the services of coun-
sel. Weighey v. Matson, 125 Ill. 64; Ball v. Miller, 38 Ill.
110.

Had the amount to be added for such services been fixed
in the warrant, a lawful judgment could have been entered
by the clerk of the court in vacation, unless the stipulation
operated fraudulently as to other creditors; but as a clerk
has not power to hear testimony and judicially determine
what would be the reasonable value of services of an attor-
ney, and as it would be manifestly unjust to permit the
attorney to fix the amount of his fees, it was not lawful to
include a sum for attorneys' fees, in the judgments rendered
in vacation. Campbell v. Goddard, 117 Ill. 252.

For this reason so much of the judgments as were for the
fees of counsel are inoperative.

What further effect had the inclusion of such amounts?

The position of counsel for the appellee is, it rendered each judgment in its entirety, void as to subsequent creditors, upon the ground it tainted them all in fraud as a matter of law.

This position, it is said, is supported by Hulse v. Mershon, 125 Ill. 52; Young v. Clapp et al., 147 Ill. 176; Atwater v. American Exchange Bank, 152 Ill. 606.

In Hulse v. Mershon, the facts were that Hulse, who was insolvent, desired to prefer certain of his creditors. He informed them he was insolvent and it was arranged between them he should and he did execute to each creditor, a note for the amount due, and attached to each note a power of attorney to confess judgment thereon for the amount of the debt, and a certain sum in addition for attorneys' fees. The notes were prepared by attorneys, who caused judgments to be confessed thereon for the amounts due and attorneys' fees as stipulated. The total amount included for attorneys' fees was $1,258. The judgments were collected.

Mershon and others, non-preferred creditors of Hulse, filed a bill in chancery to recover the amount collected for attorneys' fees, making the attorneys to whom the fees had been paid also parties defendant. The only question presented was whether the amounts collected for attorneys' fees could be retained as against the other creditors.

The court said: "When the judgment notes were given, and also when the judgments were entered up and when the creditor's bill was filed, these attorneys knew Hulse was insolvent and that the judgment notes were given for the purpose of preferring creditors to the extent of their just claims, and that when such notes were paid in full, the assets of Hulse would be nearly or quite exhausted, and that the complainants and other creditors would be unable to collect their claims."

The court held that under the circumstances the attorneys' fees were to be regarded as but gifts or voluntary donations made by Hulse to the attorneys, while he was insolvent and indebted to others; that he had no right to make such gifts to the injury of existing creditors; and ruled that the sub-

sequent creditors were entitled to recover the amount collected from the property of Hulse for such fees.

The proceeding did not seek to otherwise interfere with the amount collected under the judgments and no question as to the right to do so was raised or decided.

The right of a debtor in failing circumstances to prefer one creditor to the exclusion of others, if he does so in good faith, was re-announced, and the decision rested solely on the ground the attorney fees were but gifts and fraudulent, because Hulse's property, to the amount of the fees, was thereby put out of Hulse's hands without consideration, and to the injury of his creditors, and into the hands of others who had full knowledge of the wrong thus accomplished.

The facts in Young v. Clapp et al., *supra*, were, the insolvent firm of Clapp & Davis preferred eight of its creditors by giving each a judgment note for the amount due him or them respectively, and included in each note an attorney's fee for taking judgment, amounting in the aggregate to $1,600.

In the course of the opinion the court said : "As the judgment debtors, Clapp & Davis, were insolvent when the notes, were given, the fees therein included were gifts to preferred creditors, and must be regarded as fraudulent and void as against other creditors."

But the court did not hold the judgment rendered upon the notes were void except to the extent of the amount included for such fees. Upon the contrary it is said in the opinion :

" But the money realized from sales and collections by the receiver was not applied to the payment of such fees and was only applied upon such portions of the judgments as remained after deducting the fees.   *   *   *   As no part of the funds in the receiver's hands has been used to pay the fees, the facts they were included in the judgment would not of itself justify a reversal in this case.   *   *   *   The whole testimony, fairly considered, shows the object of the preferred creditors was to obtain security for themselves and not to assist the judgment debtors.   We do not think

the preferences given were fraudulent and void as being within the statute of frauds."

The judgment under consideration in the Atwater case, *supra*, was confessed by an insolvent corporation in favor of one of its stockholders for a debt partly due to him, and partly to two of its directors, and it was held void upon the ground it was entered and had been used for the fraudulent purposes of hindering and delaying other existing creditors of the corporation.

The legal principles controlling the case are thus stated in the opinion.

" Where a judgment is confessed and execution levied for such an amount (in excess of the real debt) that subsequent creditors find nothing to levy on, a combination being proven, fraud will be established. A judgment may be founded upon an honest debt, yet it may be obtained under such circumstances, and used for such purpose as to make it a fraud."

" Where such a judgment is entered up as a fraudulent cover to protect defendant's property, or to put it in the hands of creditors who have no right to appropriate it to their own debts, courts will deal with it as with any other fraudulent contrivance."

" If a creditor permits a judgment rendered in his name for a large amount due to parties who have no right to the entry of such judgment in their favor to be used for a fraudulent purpose as against subsequent creditors he will be postponed until they are paid, even though a portion of the debt embraced in the judgment is honestly due to him."

We find nothing in either of the cases relied upon supporting the contention that a judgment confessed by a failing debtor for a debt *bona fide* due, and also for a sum for attorneys' fees, is to be deemed fraudulent as matter of law and void *in toto*, simply because such attorneys' fees are included.

In the Hulse case it was said (125 Ill. p. 56) : " It is undoubtedly true a debtor in failing circumstances, and who does not seek the benefit of the general assignment act, may

prefer one creditor to the exclusion of others when he does so in good faith."

Such preference, it is said in Clapp v. Young, *supra*, may be given by the execution of a judgment note resulting in the entry of a judgment thereon.

Our conclusion is, such a judgment is good and valid if confessed for a debt *bona fide* due, and that the inclusion of an attorney's fee does not of itself warrant a court in holding the entire judgment inoperative as to subsequent creditors.

Unless actual fraudulent intent upon the part of the judgment plaintiff appears, his judgment should be upheld to the extent of the debt *bona fide* due to him, provided of course the statutory prerequisites for entering judgment by confession are complied with.

It was abundantly proven in the case at bar, Seitz & Craddick, and Seitz, were actually indebted to the bank in the amount of the principal and interest of the notes upon which the judgments against them respectively were founded.

The indebtedness of Seitz & Craddick was of long standing, and was evidenced by three notes with powers of attorney to confess judgment attached, executed June 8, 1893, falling due respectively December 8, 1893, January 8, 1894, and March 8, 1894. Judgments were confessed upon them November 14, 1894, nearly a year and a half after the notes had been given and long after all of them were due.

The individual indebtedness of Seitz to the bank was of more recent origin, but was confessedly *bona fide*. It consisted largely of overdrafts upon his bank account.

On November 12, 1894, he gave a judgment note therefor, with power to confess judgment thereon at any time thereafter.

It was lawful to enter judgment thereon at any time, without regard to whether the days of grace allowed by law had expired. Farwell v. Huston, 151 Ill. 239.

We find nothing in the evidence to indicate, nor do we understand it is contended, anything appeared tending to show the appellant bank, in taking the judgment, was actu-

ated by any improper motive, as against other creditors, or was in any way acting in collusion with the debtors, to hinder, delay, or defraud other creditors, or was moved by any consideration other than that of securing the debt actually due to it, and we can not agree with the contention of the appellees, fraud is conclusively imputed to it, because it caused attorney's fees to be included in the judgment.

It had lawful right to obtain a preference by way of a judgment, by confession, for the amount *bona fide*.

The contract for attorney fees, to quote from Wrigly v. Matson, 125 Ill. 67, " rests upon a good and valuable consideration. It is not in the nature of a guaranty, but a contract by which the debtor, in part consideration of the credit given him, agrees to indemnify his creditor against the consequences of his neglect or refusal to pay," etc.

As against existing creditors, such contracts, under certain circumstances, may be deemed, in law, gifts of the debtor's property, and therefore not enforceable; but it does not follow in such cases, that a judgment, including such fees, is to be deemed fraudulent *in toto* as to other creditors.

That result only follows when the judgment plaintiff is guilty of actual fraudulent intent.

A declaration, warrant of attorney to confess the judgment, with proof of its execution by the debtors, a *cognovit*, and the notes of the debtor, were filed in each case, and judgment entered thereon by the clerk, in compliance with the rule announced in Gardner v. Bunn, *supra*.

The allegation that the notes, with powers of attorney to confess judgment against the firm of Seitz & Craddick, were executed by Seitz, without the knowledge or consent of Craddick, was clearly disproved by the testimony.

The charge that the execution of the powers of attorney was procured by means of false and fraudulent representation of the cashier of the appellant, made to the debtors, was not sustained by the proof.

Had it been established it could not have been urged by the appellees.

It is no ground for the intervention of third parties that

fraud was practiced upon the debtor. "It must be fraud practiced by the debtor and the plaintiff, to the injury of the complaining creditor, that may be set up in avoidance of a confessed judgment." Black on Judgments, 294.

The statement in certain of the judgments entered by the clerk, "it is ordered and adjudged by the *court*, the plaintiff have judgment," and the other statement that the other judgment was rendered upon "a note payable to *the order* of the plaintiff," when, in fact, the note was given payable to one Hunter, and by him assigned to the order of the plaintiff, are at most but irregularities, not affecting the jurisdiction or authority to enter the judgments, and having no bearing to render the judgment fraudulent as to the appellees.

No evidence was produced tending to support the charge; the executions were issued before the judgments were entered of record by the clerk, and nothing on the face of the record or executions gave color to it.

The only objections remaining to be noticed are, in substance, that judgments were confessed in each instance for an amount in excess of the sum actually due the plaintiff upon the principal and interest of the notes set out in the declaration.

It appears from the declarations, *cognovits*, and notes filed with the clerk, and judgments entered thereon, an amount in excess of the sum due plaintiff upon the notes was included in each case as being the value of the "reasonable fees" of counsel who prepared the papers and rendered legal services in and about procuring the rendition of the judgments.

We have examined the contention of the appellee that an amount above such attorney's fees was included.

The excess claimed in this respect is insignificant in amount, in no instance more than seventy cents being the difference in calculations of interest upon the indebtedness.

The Circuit Court regarded the excess as being composed of amounts allowed for attorney's fees, and we accept its conclusion.

The judgment and orders of the Circuit Court, that the judgments confessed in favor of the appellant bank be mod-

ified by striking therefrom the amount included for attorney's fees, is affirmed. But we do not agree payment of such judgments should be postponed to the judgments confessed in favor of the Havens & Geddis Co., and the Terre Haute Shoe Co., but are of opinion appellant's judgments and the executions thereon, after excluding the amount included for attorney's fees, should be deemed and held valid, and the executions thereon so reduced declared to be liens upon the debtor's property from the day they came into the hands of the sheriff.

The judgments and orders of the Circuit Court as to appellant's judgments are, therefore, affirmed in part, and in part reversed, with directions to enter orders in each case in compliance with the rules here announced.

Affirmed in part and reversed in part with directions.