## Bauer Grocer Co. v. McKee Shoe Co.

1. JUDGMENT NOTES—*Power of a Surviving Partner to Give in the Name of the Firm.*—A surviving partner has no power to give a note and power of attorney to confess judgment in the name of the firm, and a judgment confessed upon such a note and power is void as to the estate of the deceased partner, but is valid as to the partner who did execute them.

2. SAME—*Valid as to the Surviving Partner—Satisfaction.*—A judgment confessed upon a note and warrant of attorney executed by a surviving partner, although void as against the estate of the deceased partner, may still be satisfied out of the partnership assets.

3. PARTNERS—*Suits at Law Against Surviving Partners.*—Where one of two partners dies, suits at law must be against the surviving partner, and in the event of recovery satisfaction can be obtained out of the partnership property.

4. SAME—*Duty of Survivors.*—The law makes it the duty of a surviving partner to take exclusive possession of the effects of the partnership property, to pay its debts out of such property and to settle its business. He is invested with large discretion in settling up the affairs of the partnership.

5. SAME—*Execution Liens of Judgment Creditors.*—The execution lien upon the partnership assets of a judgment creditor who, in the absence of fraud, obtains judgment by confession against a partnership upon warrant of attorney signed by the surviving partner in the firm name, is equal to the execution lien of a creditor who obtains his judgment after a summons and trial.

6. PREFERENCES—*Right of Insolvent Debtors.*—The right of an insolvent debtor to prefer one creditor over others can only be exercised as to the amount due.

7. INSOLVENT DEBTORS—*Right to Give Judgment Notes.*—An insolvent debtor has no right to give a judgment note which provides for the collection of ten per cent additional, as an attorney fee for the preferred creditor. Such a provision is a mere gift, and fraudulent as to other creditors.

8. SAME—*Conveyances Without Consideration.*—When an insolvent debtor, voluntarily and without consideration, executes a conveyance or gift, his act in so doing. as to existing creditors, is fraudulent and void, regardless of whether the donee had knowledge of his insolvent condition.

Voluntary Assignments.—Error to the County Court of Montgomery County; the Hon. M. J. McMURRAY, Judge, presiding. Heard in this court at the November term, 1899. Affirmed in part, reversed in part and remanded. Opinion filed February 27, 1900.

Statement.—Martha Pritchett and Lewis Trexler, partners in the mercantile business at the village of Fillmore, Illinois, began purchasing goods on a credit from the McKee Shoe Company on the 15th of February, 1898, and continued to so purchase until the 8th of April, 1898, when Martha Pritchett died. The firm, at that time, owed the shoe company about $700. Trexler continued the business and purchased from it until the indebtedness on the 9th of July, 1898, amounted to $822.25. On that date he paid to the collecting agent of the shoe company $100 in cash, and delivered to him for the balance of the account, six promissory notes signed " Pritchett & Trexler," containing power of attorney to confess judgment. On the 11th of July, 1898, a judgment by confession in vacation was entered before the clerk of the Circuit Court against Lewis Trexler, Dora Trexler and Delbert Pritchett, as partners under the firm name of Pritchett & Trexler, for $794.25, which included $72 attorney's fees. Execution was issued immediately, and was placed in the hands of the sheriff, who, on the 12th of July, levied on Trexler's stock of goods. After that, but on the same day, Trexler, as surviving partner, made a general assignment for the benefit of creditors and lodged his deed of assignment, with inventory attached, in the office of the clerk of the County Court. On the 13th of July, John Green, named in the deed of assignment as assignee, qualified as assignee. Finding the goods in the possession of the sheriff by virtue of the levy of execution, Green reported the situation to the County Court, and an arrangement was entered into whereby he was allowed to take possession of the goods, sell the same, and report the proceeds in court, the rights of the shoe company and the sheriff to be afterward determined.

Green realized from the sale of the goods, $3,854.84. The claims allowed against the estate aggregated $6,381.77. The County Court, over the objection of Bauer Grocery Company, held that the execution gave to the shoe company a prior lien, and ordered the full payment of the judgment out of the funds reported by the assignee. To reverse

that order, the Bauer Grocery Company prosecutes this writ of error.

ZINK, JETT & KINDER, attorneys for plaintiff in error; J. M. TRUETT, of counsel.

LANE & COOPER, attorneys for defendant in error.

MR. JUSTICE HARKER delivered the opinion of the court.

It is contended by the plaintiff in error that the judgment and execution upon which the defendant bases its right of priority over other creditors are void. The contention is founded upon the proposition that a surviving partner has no power to give a note and power of attorney to confess judgment in the name of the firm. That a surviving partner has no such power is a well established rule of law. But, while a judgment confessed upon it would be void as to the estate of the deceased partner, it would be valid as to the partner who executed the note and warrant. If the note was for a partnership debt, we see no reason why the judgment could not be satisfied out of the partnership assets. Where one of two partners dies, suits at law must be against the surviving partner, and in the event of recovery satisfaction can be obtained out of the partnership property.

When Trexler's partner died, the law made it his duty to take exclusive possession of the effects of the partnership, to pay its debts out of the same and to settle its business. Sec. 89, Ch. 3, Hurd's Revised Statutes, 123. He was invested with large discretion in settling up the affairs of the partnership. It will hardly be contended that satisfaction of a judgment rendered against him upon summons, etc., for a partnership debt, could not have been had out of the partnership assets prior to the assignment. The execution lien of a judgment creditor who, in the absence of fraud, obtains judgment by confession, is equal to the execution lien of a creditor who has obtained his judgment after a summons and trial.

It is contended that the County Court erred in not hold-

ing the judgment void to the extent of $72, the amount of the attorney's fees included. The right of an insolvent debtor to prefer one creditor over others can only be exercised as to the amount actually due. He has no right to give a note for the amount due which provides for the collection of ten per cent additional as an attorney fee for the preferred creditor. The provision as to the attorney fee is a mere gift and fraudulent as to other creditors. Hulse et al. v. Marshon et al., 125 Ill. 52; Young v. Clapp, 147 Ill. 176; First National Bank of Pana v. Havens and Geddis Co., 61 Ill. App. 213.

An attempt is made to distinguish this case from the ones cited, in that the defendant in error, at the time of accepting the notes from Trexler, did not know he was insolvent, while, in the cases cited, the preferred creditor did know that their debtor was insolvent. On principle, we do not see how that should make any difference. When an insolvent debtor, voluntarily and without consideration, executes a conveyance or gift, his act in so doing is, as to existing creditors, fraudulent and void, regardless of whether the donee had knowledge of his insolvent condition.

The order of the County Court will be affirmed as to payment of amount of judgment of defendant in error except as to attorney fee of $72, and as to that amount, it will be reversed. The cause will be remanded with directions to the County Court to enter an order in accordance with this opinion.

Affirmed in part, reversed in part and remanded.