NEW YORK LIFE INS. CO. v. HAGE-
MAN et al.

MATON v. SAME.

No. 5468.

Circuit Court of Appeals, Seventh Circuit.
Nov. 16, 1935.

Rehearing Denied Dec. 13, 1935.

Joseph Kamfner, Edwin A. Halligan, and Samuel M. Lanoff, all of Chicago, Ill., for appellant.

Llewellyn A. Wescott, of Chicago, Ill., for appellees.

Before SPARKS and ALSCHULER, Circuit Judges, and BRIGGLE, District Judge.

ALSCHULER, Circuit Judge.

The suit was begun by a bill in equity of New York Life Insurance Company to require the respective personal representatives of Hageman, Weiner, and Maton, former partners, and all of them deceased, to interplead for the purpose of ascertaining which of them is entitled to receive from the company the proceeds of portions of two insurance policies which it had issued on the lives of Hageman and Maton, respectively. The District Court decreed that payment in like sums be made to the personal representatives of Hageman and of Maton, respectively, and denied any claim of Weiner's administratrix. Maton's administratrix alone appeals.

The facts appear solely by a stipulation, which is substantively set forth in the margin.[1]

We think it fair to conclude from the facts that what are called assignments constituted, in truth, "business insurance," a term employed in the instrument of assignment; and that the "business insurance" as stated was insurance whereof the partnership became the beneficiary, to the extent of $3,000, of each of the two policies.

Maton's administratrix, appellant, contends that she alone, representing the last surviving member of the partnership, is entitled to collect the entire insurance in issue, apply it first to the payment of partnership debts, and distribute whatever balance remains. Hageman's administratrix claims that Hageman and Maton individually kept up the premium payments after Weiner's death, and that, the partnership having been dissolved by that death, the proceeds of the Maton policy should be paid to Maton's administratrix, and of the Hageman policy to the administratrix of Hageman; and the District Court so found, decreeing accordingly.

As a general proposition, the death of one partner works a dissolution of the partnership. Uniform Partnership Act, Smith-Hurd Ann.St.Ill. c. 106½, § 31, Cahill's Rev.St.Ill. 1933, c. 106a, par. 31 (4). But the same act (Smith-Hurd Ann. St.Ill. c. 106½, § 30, Cahill's Rev.St.Ill. 1933, c. 106a, par. 30) provides: "On dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed."

We find nothing in this record tending to indicate that after the death of Weiner there ever was a winding up of the affairs of this partnership. Not only does the record fail to disclose any such winding up, but it indicates facts tending to show that the parties regarded the partnership as continuing. , The same business continued to be carried on, in the same partnership name, until the death of the last surviving partner. So far as the record discloses, whatever of Weiner's capital or interest was in the partnership at his death remained there after his death. If it so remained, and the business continued to be carried on as before, it is fair to assume that this was with the consent of the surviving partners and of the heirs and the personal representative of the deceased partner. See People v. Zangain, 301 Ill. 299, 303, 133 N.E. 783.

In the memorandum filed by the court it was stated that the premiums on the assigned portions of the policies were, after Weiner's death, paid individually by Hageman and Maton. The record, however,

---

[1] For several years Arthur P. Hageman, Louis Weiner, and Paul J. Maton were partners under the name of Hageman, Weiner & Maton.

April 23, 1928, New York Life Insurance Company issued a life policy to Maton for $5,000, payable on his death to his estate. April 25, 1928, the company issued to Hageman a like policy for same amount, payable on his death to his estate.

July 20, 1928, Maton executed a purported assignment to the partnership of $3,000 of his insurance, stating, in substance, that for value received he assigned to the firm the policy as collateral for a consideration of $3,000 ("i. e., $3,000.00 of the above $5,000.00 policy is to be paid for by the above firm, assignee, and is business insurance"); which assignment the company duly accepted. July 12, 1928, Hageman executed to the partnership a purported assignment of $3,000 of his policy, in language identical with Maton's, except as to name, address, and policy number.

August 28, 1930, Weiner died. Hageman and Maton continued doing business under same copartnership name. November 14, 1933, Hageman died, and November 22, 1933, Maton died. On the deaths of Hageman and Maton their policies were in full force. Individual estates were opened in the probate court of Cook county for each of the three decedents. Claims against the partnership of Hageman, Weiner & Maton have been filed in each of the probated estates of Maton and Hageman in sum of $6,025.27.

February 12, 1934, the insurance company paid to the administratrices of the Hageman and Maton estates, respectively, each the amount of the excess over $3,000 of the respective policies, leaving with the insurance company $6,000, to which the administratrices, respectively, of the estates of Maton, Hageman, and Weiner made claim in differing amounts.

The insurance company filed its bill of interpleader, offering to pay the $6,000 into the registry of the court. The administratrices filed their answers. No testimony was heard.

The stipulation is signed by the attorneys and approved by the court. The pleadings are not shown in the stipulation or in the transcript.

discloses nothing to justify this statement, and we feel warranted in assuming that the entity which carried on this same business after Weiner's death made these premium payments as a partnership, in conformity with the terms of the so-called assignments. No attempt having been made by the living members of this partnership to revoke the assignments, they were evidently intended to remain assets of the entity which thus continued to carry on the business.

Under the record here, the question which concerns us is to whom the assigned portions of these policies should be paid. The specific question is whether the assigned insurance should be paid one part to the administratrix of Hageman and the other part to the administratrix of Maton, as the court decreed; or whether it should all be paid to Maton's administratrix. This involves the law of administration of the state of Illinois applicable upon the decease of one or more partners. Smith-Hurd Ann.St.Ill. c. 3, §§ 88–90, chapter 3, pars. 88–90, Cahill's Rev.St.Ill. 1933, makes provision for the property of the partnership to remain in possession of the surviving partner or partners, and for such surviving partner or partners to dispose of all the partnership property under the general direction of the court of probate.

It thus appears that the interest of a deceased partner in the partnership property does not pass to his personal representative, but vests in the surviving partner or partners for purposes of liquidation and settlement. Andrews v. Stinson, 254 Ill. 111, 98 N.E. 222, Ann.Cas. 1913B, 927; Hayward v. Burke, 151 Ill. 121, 37 N.E. 846; Bauer Grocer Co. v. McKee Shoe Co., 87 Ill.App. 434. When Weiner died the dominion over his interest in the partnership was in his surviving partners; and when Hageman died, whatever interest he had in the partnership—either his own share thereof or in his relation as a surviving partner of Weiner—passed to Maton, the sole surviving partner, for settlement. And when Maton died, and no other partner remained, his interest in the partnership passed to his personal representative, charged with whatever duties or liabilities had devolved on Maton by reason of the unadjusted interests of the previously deceased partners.

There is nothing in this record to indicate that anything was done to carry out the statutory requirements respecting the settlement of the partnership interest of either Weiner or Hageman, notwithstanding the lapse of a very considerable time between their deaths, unless, indeed, it appear that all parties in interest had arranged and agreed upon a different course. In these circumstances, under the record before us, it devolved upon the personal representative of the last surviving partner to make adjustment of the unadjusted partnership affairs, and to reduce to possession all of the partnership assets, including these claims arising under the assigned portions of the policies. This gave to the administratrix of the partner last dying the duty and right to collect and receive from the complainant insurance company the amount it concedes to be due under the assigned portions of the policies, which amount it has tendered and brought into court.

Weiner's administratrix does not appeal, and upon this record we are concerned with nothing other than the determination of the question as to whom the insurer shall pay these amounts. We may say, however, that the question between these estates, as to whether one or more of the several personal representatives shall in the first place receive this money, seems to us to be in all probability of little practical moment. Undoubtedly the insurance money coming into the hands of these personal representatives, whether one or more than one of them, would be assets to be first devoted to the payment of partnership debts, of which the record indicates there have been exhibited in court more in amount than the insurance here in question; and so, in the end, all of this insurance will probably go to the payment of those debts, and it will be of no substantial importance whether payment is through the medium of one, two, or three of the estates.

Since the insurer, which brought this suit, will, by its tender, be absolved from any further liability, we are not necessarily concerned with the manner of disposition of the fund by the party to whom it is directed to be paid. Such distribution will be under the dominion and direction of the appropriate court of probate of the state of Illinois.

The decree of the District Court is reversed with direction to the District Court to enter a decree requiring the avails of the assigned portions of the policies of insurance here in question to be paid to the

administratrix of the estate of Maton for disbursement and distribution under the direction of the appropriate court of the state of Illinois, and providing that the complainant, New York Life Insurance Company, be by its tender and payment absolved from further liability under the assigned portions of the policies.