## Alvah C. Moffett v. John V. Farwell, Jr.

1. MORTGAGE LIEN—*when not merged in fee.* Where a mortgage creditor takes conveyance of the fee in extinguishment of the mortgage debt, a merger of the mortgage lien will not be held against such creditor where the land was not worth the amount of the debt and the mortgagor was insolvent and the sole purpose of the conveyance was to save the expense of foreclosure.

2. STRICT FORECLOSURE—*rules governing.* A court of equity will not by a decree of strict foreclosure sacrifice the just and equitable rights of creditors or of those holding second liens on the equity of redemption; neither will such a court sacrifice or endanger the right of a complainant who comes into court with a just cause.

3. STATUTE OF LIMITATIONS—*burden of establishing defense of.* The burden of establishing the defense of the Statute of Limitations is upon the party pleading it.

Bill to remove cloud, etc. Appeal from the Circuit Court of Morgan County; the HON. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1905. Affirmed. Opinion filed November 24, 1905.

ED. D. HENRY, for appellant.

J. MARSHALL MILLER and A. L. HAMILTON, for appellee; LAYMAN & MORRISSEY, of counsel.

MR. JUSTICE RAMSAY delivered the opinion of the court.

John A. Crain and wife made a mortgage upon certain lots in the city of Waverly, Morgan county, Illinois, to Charles B. Farwell on March 18, 1891, to secure a note for $5,000 drawing interest at eight per cent., due in one year. In February, 1902, Crain (then a widower), being insolvent, conveyed the premises involved and described in said mortgage, then worth not to exceed $2,000, to said C. B. Farwell for one dollar and "in consideration of the cancelling" of the note and mortgage that had previously been made to C. B. Farwell. The note and mortgage were cancelled and delivered to Crain, but not satisfied of record by any formal release. On January 13, 1899, the Drover's National Bank recovered a judgment against Crain in the County Court of Morgan county, Illinois, and issued execu-

tion within one year, which execution was returned not satisfied. This judgment was assigned to A. C. Moffett, the appellant, with knowledge upon his part of the contents of the deed to Farwell. The deed made to Mr. Farwell was accepted in payment of the debt which at that time amounted to about $4,000, and was made to avoid the expense and delay incident to a foreclosure. In April 1903, C. B. Farwell conveyed the premises to John V. Farwell, Jr., appellee. Appellee filed his bill in the Morgan County Circuit Court to have the judgment declared to be not a lien and be removed as a cloud; afterward the bill and prayer thereof were amended, and by such amendment Farwell asked that the mortgage be declared not merged in the deed and that the conveyance be held to be in lieu of the mortgage and that the judgment be declared a junior lien and that Moffett be required to redeem as a judgment creditor at a price and within a time to be fixed by the court. Issue was joined on this amended bill and a hearing had before the court upon a stipulation, which in substance sets out the facts hereinbefore recited. The court found the issues in favor of appellee and directed that, unless Moffett within three months redeem said premises by paying the sum of $2,000 and interest at five per cent. from the date of decree, he be forever barred from asserting any interest in the premises. From that decree Moffett appeals to this court.

Appellant contends that by taking the deed in question appellee's rights under the mortgage terminated and that he cannot now rely upon or assert any claim by reason of the mortgage, but must rely upon the force of the deed only.

The holding here must be governed by the case of Lowman v. Lowman, 118 Ill. page 582, and the case of Farrand v. Long, 184 Ill. page 100. In the former of such two cases (on page 586) the court announces the rule to be as follows: " Even when the parties have undertaken to discharge the mortgage upon the uniting of the estates of the mortgagor and mortgagee in the latter, it will still be

upheld as a source of title whenever it is for his interest, by reason of some intervening title or other cause, that it should not be regarded as merged. It is presumed, as matter of law, that the party must have intended to keep on foot his mortgage title, when it was essential to his security against an intervening title, or for other purposes of security; and this presumption applies, although the parties, through ignorance of such intervening title, or through inadvertence, have actually discharged the mortgage and cancelled the notes." This doctrine is quoted and approved in the latter of such two cases. Nor is the case of Ernst v. McChesney, 186 Ill. page 617, in conflict with the rule just announced. In the McChesney case Ernst had a mortgage which, when he took it, was a junior lien to that of McChesney. McChesney when his mortgage became due took a new one and released the old one, which then made Ernst's mortgage a prior lien to his own; afterward Ernst took a warranty deed to the premises which was subject to the mortgage of McChesney and which he assumed and agreed to pay. Upon this feature of the case the court say that subjecting Ernst's claims to the rights of McChesney was in accord with the real justice of the claims of the parties.

In the case at bar a special warranty deed was made for the express purpose of avoiding the expense and delay of a foreclosure, and the premises involved were accepted for several thousand dollars more than they were worth, and when the maker of the mortgage was insolvent. It would be most inequitable now to hold that the mortgage lien was merged in the deed and lost when the only purpose of the making of the deed was to save the cost and delay of a suit to foreclose.

The court committed no error in decreeing a strict foreclosure. While the general rule in relation to strict foreclosure, where there are other creditors, is correctly stated by appellant, still we do not understand that the rule is an arbitrary one, but has its exceptions. In the case of the Illinois Starch Company v. The Ottawa Hydraulic Com-

pany, 125 Ill. page 237, our Supreme Court has expressly stated that there are exceptions to this rule, and on page 246 use this language: "In our opinion, the whole question lies in a nutshell. The court of equity will not, by a decree of strict foreclosure, sacrifice the just and equitable rights of creditors, or of those holding second liens, or the equity of redemption. Neither will the court of conscience sacrifice or endanger the rights of a complainant who comes within her portals with a just cause, and holding the oldest and preferred lien and best equity, for the bare possibility of the wholly improbable benefit to one having a second lien and subordinate equity."

None of the authorities cited by appellant seems to disturb this doctrine so announced, while some of the cases referred to by him as being in conflict were finally disposed of upon the ground that there was no sufficient proof in the case of the insolvency of the principal debtor. In this case the question of insolvency is settled by the agreement of the parties. We are firmly of the opinion in this case that a decree of strict foreclosure does not even suggest the sacrifice of any just and equitable rights of appellant, but on the other hand that it would be unjust to require the foreclosure of the mortgage involved and the incurring of the large expense that must necessarily be entailed thereby. In brief, what good purpose could result from declaring that Moffett could have the right to redeem the premises in fifteen months from the date of sale at the sum of $4,000, debt, interest and costs, when by the decree of the court under a strict foreclosure he is required to pay only half that amount within ninety days from the date fixed in the decree. The possibility of benefit to appellant by decreeing foreclosure with redemption is so wholly improbable that it will not warrant a reversal of the decree rendered.

The court below committed no error in holding against appellant upon the question of limitation. It is evident from the stipulation that payments had been made upon the indebtedness involved. In the stipulation it is expressly

stated that "the balance on said note and mortgage, in excess of the value of the lots conveyed by said deed when taken, was about $4,000." The mortgage was made in 1891, for the sum of $5,000 and drew interest at eight per cent. per annum. The deed was made in 1902 and therefore, if nothing had been paid upon it between the time of the making of the note and the date of the execution of the deed, the total sum then due to Farwell would have been in excess of $9,000, so that as a matter of mathematics it is apparent that something must have been paid upon the indebtedness or it could not have been at the time of the making of the deed only about $4,000. Furthermore, this issue was raised by the answer, and if appellant cared to have any facts appear other than those in the stipulation upon which to base his plea of limitations, the burden, under the answer, was upon him to do so. Failing to make any showing upon his part to dispute the statement of the stipulation to the effect above quoted his claim under the Statute of Limitations has no force.

The doctrine of estoppel has no application in this case. Moffett is a judgment creditor and not a subsequent purchaser of the premises, nor a mortgagee.

The time of payment under the decree is extended ninety days from the filing of this order.

*Affirmed.*