**Winfield F. Rexroat, Appellee, v. Arthur Ford et al., Appellees. Charles W. Van Syckle, Appellant.**

1. APPEAL AND ERROR, § 408*—*what objections may not be first raised on appeal.* Objections that do not raise jurisdictional questions cannot be raised for the first time on appeal where their nature is such that if they had been specifically made in the trial court they could have been remedied.

2. EQUITY, § 255*—*original bill as part of amended bill.* An original bill is still a part of the complainant's bill although an amended bill does not include all of its allegations.

3. LANDLORD AND TENANT, § 97*—*what does not constitute tenancy at will.* If the lessee has, under the terms of the lease, the right of possession of premises for any fixed time, even although the lessor has the right to terminate it by notice, yet if it can only be terminated by giving notice a certain fixed time before its termination, the lease is not a tenancy at will.

4. LANDLORD AND TENANT, § 2*—*when lease is a chattel real.* A lease terminable only on the giving of a thirty-day notice by either party, *held* a chattel real.

5. MORTGAGES, § 375*—*when strict foreclosure proper.* Where mortgaged property worth less than the amount of the mortgage had been abandoned by the mortgagor, who had become insolvent,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and the mortgagee was willing to take the property in full satisfaction of the debt, *held* that a strict foreclosure was proper, as a judgment creditor who had a junior lien could in no way benefit from an ordinary foreclosure.

Appeal from the Circuit Court of McDonough county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 21, 1916.

**Statement by the Court.** Winfield F. Rexroat on April 10, 1915, filed a bill against Arthur Ford, Leoni Ford and the Chicago, Burlington and Quincy Railroad Company, alleging that on November 18, 1910, Arthur Ford executed and delivered to complainant a mortgage on a grain elevator on the right of way of the said railroad, the same being the north elevator in the Town of Walnut Grove, and on Lot 1 in Block 4 in the said Town of Walnut Grove, in McDonough county. The bill further alleges that the mortgage secures a note for $5,000 with interest at six per cent. per annum, due three years after date; that Arthur Ford is insolvent; that the said lot is worth not to exceed $1,000 and is subject to the homestead rights of Leoni Ford, the wife of Arthur Ford; that the mortgaged premises are wholly insufficient to pay the amount due complainant and that Ford has abandoned the grain elevator. The complainant offers to take said mortgaged premises in payment of the amount due, including his costs and reasonable solicitor's fees.

On May 21, 1915, complainant filed his amended and supplemental bill, which, after setting forth the allegations concerning the making of the note and mortgage, alleges that the grain elevator is located on the right of way of said railroad; that the mortgage is not a lien on the right of way other than the right to maintain the elevator thereon under a certain lease from said railroad company; that after the filing of the bill of complaint herein, Charles W. Van Syckle began a suit in attachment against Arthur Ford and the writ therein was levied upon the premises described in the mort-

gage to complainant; that judgment had been rendered against said Ford and said property attached and that Van Syckle is claiming to have a lien prior to that of complainant but which in fact is subject to the lien of complainant under his mortgage.

Van Syckle answered the amended and supplemental bill admitting that the elevator is on the right of way of said railroad company, and that after the filing of the original bill he had begun his attachment suit, and insisting that a judgment rendered in the attachment suit in his favor for $1,325, against Ford, is a first lien on the elevator. The answer denies that the mortgage is a lien on the elevator or right of way or a leasehold interest on said right of way, and insists that the elevator and leasehold interest are chattels personal and not chattels real, and that the mortgage is not acknowledged as a chattel mortgage is required to be acknowledged. The other defendants were defaulted. Issues were joined and the cause was referred to the master in chancery to report the evidence with his conclusions.

The master found that there was due on the note and mortgage $6,275, and also a solicitor's fee of $250; that Van Syckle had recovered a judgment in the attachment suit against Ford for $1,325, but that the lien of said judgment is subject to the lien of the mortgage; that the lot was and still is occupied by Leoni Ford, wife of Arthur Ford, as a homestead; that Leoni Ford did not join in the execution of the mortgage and that it is invalid and not a lien on the homestead; that the elevator is worth not to exceed $4,000; that Ford is insolvent and that complainant is entitled to a strict foreclosure. The master overruled objections filed by Van Syckle to his findings.

On the trial the objections before the master by agreement of the parties were permitted to stand as exceptions. The court overruled all the exceptions except the one concerning the finding as to the amount

due and reduced that finding to $4,462.96 and the $250 allowed as a solicitor's fee, and entered a decree of strict foreclosure against the elevator property, unless redemption should be made within ninety days.

Van Syckle appeals and relies on the three alleged errors as cause for a reversal: (1) that the elevator in question is personal property and not a chattel real and that it was error to decree that Rexroat had a prior lien to that of Van Syckle; (2) that it was error to decree a strict foreclosure for the reason there is no allegation in the amended and supplemental bill that Ford is insolvent; and (3) that it was error to enter a decree of "strict foreclosure and exempt the residence house and lot for the reason there is no proof that the same constituted the homestead  *  *  *  on November 18, 1910," and there is no allegation in the pleading with reference to homestead rights, and that when the homestead is not exempted the mortgaged property is worth more than the mortgage debt.

FLACK & LAWYER, for appellant.

MILLER & WALKER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

There is no assignment of error in the record under which either of the last two errors relied upon can be raised, neither of those questions were raised by any objection before the master to his findings, nor is there any exception before the trial court concerning such findings by the master. The evidence does show that the elevator is worth not to exceed $4,000 and that the lot with the residence thereon is worth from $600 to $800 and is the homestead of Leoni Ford, the wife of appellee, Arthur Ford.

The original bill alleges the insolvency of Ford, that the lot described in said mortgage as Lot 1, in Block 4,

is worth not to exceed $1,000 and is subject to the estate of homestead therein owned by Leoni Ford, wife of Arthur Ford, and that the elevator is worth not to exceed $4,500, and said mortgaged premises are wholly insufficient to pay the amount due on the note and mortgage. The amended supplemental bill does not repeat any of these allegations and makes no reference to them, further than that it alleges that Rexroat is willing to take said mortgaged premises, leasehold interest and property subject to the estate of homestead therein in full satisfaction of the amount due. If either of these two questions, now presented for review, which are only technical questions, had been raised in the trial court in any way, a simple amendment would have obviated the questions now raised for the first time. Objections that do not raise jurisdictional questions cannot be raised for the first time in this court, where their nature is such that if they had been specifically made in the trial court they could have been remedied.

It has also been held that the original bill is still a part of complainant's bill, although the amended bill does not include all of its provisions. *Lewis v. Lanphere,* 79 Ill. 187; *A. J. Lindemann & Hoverson Co. v. Advance Stove Works,* 170 Ill. App. 423; 1 Encyc. of Pl. & Pr. 505.

The remaining question, and the only meritorious one presented, is, whether the elevator property is a chattel real or is personal property. The answer to that question depends on the nature of the lease to that part of the right of way upon which the elevator was located. The lease was made January 1, 1911, between the Chicago, Burlington & Quincy Railroad Company and Arthur Ford. It describes by metes and bounds the part of the right of way leased, and the period of time for which the lease was made as follows: "To have and to hold the same from January 1, 1911, until such time as this contract shall have been terminated

as hereinafter provided.'' The rental is $5 per year payable in advance, and the premises leased are to be used for the location of a grain elevator. ''It is further agreed that either party may terminate this lease any time upon giving the other thirty days' notice of such termination; provided, however, that rent shall be paid by said lessee *to the date of termination fixed by said notice;* and if rent has been paid in advance the proportionate amount for the unexpired term shall be returned to the lessee.''

Appellant admits that if the elevator is a chattel real, then the lien of the mortgage is superior to that of his judgment, but contends that the elevator was personal property because there was no fixed term in years and that the lessee had under the terms of the lease only a tenancy at will.

A strict tenancy at will ''has only the rights of an ancient tenancy at will, being in fact little more than a license to be upon the land, determinable by entry or demand, and does not render the occupant liable in use and occupation for rent or entitle him to notice to quit.'' A general tenancy at will ''confers the rights which tenancies at will subsequently acquired such as a reasonable notice to quit and subjects the occupant to all the liabilities of tenants proper such as for use and occupation.'' Taylor's L. & T., sec. 60; 38 Cyc. 124. At common law a tenant at will was not entitled to notice to quit before he could be ejected although a demand for possession was required.

Under the lease by which Ford occupied the part of the right of way leased to him, the lease could only be terminated by either party giving the other thirty days' notice of such termination. There was a fixed tenancy for thirty days and it could only be terminated at the end of that notice. The case of *Knapp v. Jones,* 143 Ill. 375, is very similar to the present case. It involved a lease of a part of a right of way, originally for a year, from a railroad company to a party to erect

and operate an elevator thereon. The lease expired and was renewed for two years with the right to terminate it upon sixty days' notice. In a controversy between a mortgagee and judgment creditors, the elevator was held to be a chattel real. A similar ruling was made in *Cross v. Weare Commission Co.*, 153 Ill. 499. If the lessee has under the terms of the lease the right to possession of the premises for any fixed time, even although the lessor has the right to terminate it by notice, yet if it can only be terminated by giving notice a certain fixed time before its termination, the lease is not a tenancy at will. The *Knapp* case, *supra*, is conclusive of this case, that the mortgage was on a chattel real and the trial court properly decreed that appellee's mortgage was a valid first lien and the lien of the attachment was subject thereto.

The appellant does not contend that the elevator property was worth more than $4,000. The argument is that if appellee takes the residence property at its value then there would be something left in the elevator property to apply on his judgment. The mortgage was not a lien on the residence because its value was less than $1,000 and it was a homestead. The mortgage created a lien only on the elevator property. "While it is a general rule that, where there are other creditors, strict foreclosures are not favored in equity, yet the rule is not an arbitrary one. A strict foreclosure may be allowed where there are other creditors and the property is of less value than the debt, the mortgagor is insolvent and the mortgagee is willing to take the property in discharge of his debt." *Barnes v. Ward,* 190 Ill. App. 392, and cases cited. When there is no possibility of any benefit accruing to the judgment creditor from an ordinary foreclosure, there is no reason why a holder of a first lien should be penalized by being made to pay unnecessary and useless costs, when the property is vacant and unoccupied, and there is no possibility of his being reimbursed. There was

no error in granting a strict foreclosure. The decree is affirmed.

*Affirmed.*